Filed 11/19/12

# IN THE SUPREME COURT OF CALIFORNIA

|  |  |  |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S191341 |
| v. | ) | |
| | ) | Ct.App. 5 F059287 |
| MAURICE D. SANDERS, | ) | |
| | ) | Kern County |
| Defendant and Appellant. | ) | Super. Ct. No. BF126309A |
| _____ | ) | |

Here we are called upon to apply two related but distinct concepts:  (1) the rule prohibiting multiple convictions based on greater and necessarily included offenses, and (2) Penal Code section 654's prohibition against multiple punishment when "[a]n act . . . is punishable in different ways by different provisions of law . . . ."[1]  Defendant Maurice D. Sanders was convicted on two counts of possessing a firearm after conviction of a felony (former § 12021, subd. (a)(1), hereafter section 12021(a)(1)), and two counts of possessing a firearm after conviction of a specified violent offense (former § 12021.1, subd. (a), hereafter section 12021.1(a)).[2]  All four counts were based on his simultaneous possession

---

[1]  Further statutory references are to the Penal Code, unless otherwise indicated.

[2]  Former section 12021(a)(1) was repealed effective January 1, 2012, but its provisions were reenacted without substantive change as section 29800, subdivision (a)(1).  (See *People v. Correa* (2012) 54 Cal.4th 331, 334, fn. 1 (*Correa*); Stats. 2010, ch. 711, § 6.)  Former section 12021.1(a) was repealed and

*(footnote continued on next page)*

1

of two firearms.  We hold that neither section 12021.1(a) nor section 12021(a)(1) is a necessarily included offense of the other.  Accordingly, under section 954, defendant was properly convicted of both offenses.  Applying our recent decisions in *Correa, supra,* 54 Cal.4th 331, and *People v. Jones* (2012) 54 Cal.4th 350, we further hold that defendant may be separately punished for two violations of section 12021(a)(1) and of section 12021.1(a) based on his simultaneous possession of *two firearms*.  However, he may not also be separately punished for violations of section 12021(a)(1) and section 12021.1(a) based on possession of the *same firearm*.  Accordingly, we reverse the Court of Appeal, which reached different conclusions about the propriety of multiple convictions and multiple punishments in this case.

## I.  BACKGROUND

Officers conducting a parole search of defendant's residence discovered two operable shotguns and ammunition.  Defendant was charged with two counts of possessing a firearm after conviction of a felony under section 12021(a)(1) (offender in possession), based on felony convictions for making criminal threats (§ 422), discharging a firearm with gross negligence (§ 246.3), and kidnapping (§ 207).  Based on the same convictions he was also charged with two counts under section 12021.1(a), alleging gun possession by a person convicted of a

---

*(footnote continued from previous page)*

reenacted as section 29900, subdivision (a)(1) without substantive change.  (Stats. 2010, ch. 711, § 6.)  Because defendant was convicted under the repealed statutes, and they were only renumbered without substantive change, we refer to former sections 12021(a)(1) and 12021.1(a) throughout this opinion for clarity and convenience.  For brevity, we will generally not use the word "former."

specified violent offense (violent offender in possession).**3**  At trial defendant denied that he lived at the residence and claimed the two shotguns were not his. He stipulated that he previously was convicted of a felony within the meaning of sections 12021 and 12021.1.  The jury convicted him of all four counts.

Defendant was also charged with various enhancements based on his prior felony convictions.  He waived his right to a jury trial on the enhancements, and the trial court found he had suffered four prior convictions that qualified him for sentencing under the Three Strikes law (§§ 667, subds, (b)-(i), 1170.12, subds. (a)-(d)), and that he had served three prior prison terms (§ 667.5, subd. (b)).  It sentenced him to two concurrent terms of 25 years to life for his offender in possession counts under section 12021(a)(1).  It imposed terms of 25 years to life for his violent offender in possession counts under section 12021.1(a), but stayed execution of those terms under section 654.  Finally, it struck punishment for the three prior prison terms pursuant to section 1385.

On appeal, defendant argued, and the Attorney General conceded, that violent offender in possession under section 12021.1(a) is a necessarily included offense of offender in possession under section 12021(a)(1).  The Court of Appeal accepted the Attorney General's concession and reversed defendant's section

---

**3**     There are some anomalies in the charging document.  For example, making criminal threats (§ 422) was listed as a qualifying violent offense in counts two and four charging a violation of section 12021.1(a).  Making criminal threats, however, is not an offense that qualifies as a violent offense under the statute. (Former § 12021.1, subd. (b), repealed and renumbered as § 29905 (hereafter section 12021.1(b).)  In addition, a fourth prior conviction, assault with a firearm (§ 245, subd. (a)(2)), was charged as a qualifying conviction under the "Three Strikes" law, but was not charged as a qualifying felony under sections 12021(a)(1) and 12021.1(a).  None of these discrepancies is of any moment here.

3

12021.1(a) convictions. The Court of Appeal also stayed defendant's concurrent sentence on the second section 12021(a)(1) conviction under section 654.

We denied defendant's petition for review challenging the sufficiency of the evidence. On our own motion, we ordered review limited to the following issues: "(1) Is possession of a firearm after conviction of a specified violent offense (Pen. Code § 12021.1, subd. (a)) a necessarily included offense of possession of a firearm after conviction of a felony (Pen. Code § 12021, subd. (a)(1))?" and "(2) Was defendant properly sentenced to concurrent terms for his simultaneous possession of two firearms in violation of Penal Code section 12021, subdivision (a)(1)?"

## II. DISCUSSION

### A. *Defendant's Single Act of Possessing a Firearm Supported Multiple Convictions Under Sections 12021(a)(1) and 12021.1(a)*

While section 654 prohibits multiple *punishment*, it is generally permissible to *convict* a defendant of multiple charges arising from a single act or course of conduct. (§ 954; *People v. Ortega* (1998) 19 Cal.4th 686, 692.) However, a "judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses. [Citations.]" (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034.)

When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed. (*People v. Moran* (1970) 1 Cal.3d 755, 763; accord, *People v. Milward* (2011) 52 Cal.4th 580, 589; *People v. Medina* (2007) 41 Cal.4th 685, 701-702.) If neither offense is necessarily included in the other, the defendant may be convicted of both, "even though under section 654 he or she could not be punished for more than one offense arising

4

from the single act or indivisible course of conduct." (*People v. Ortega*, *supra*, 19 Cal.4th 686, 693.)

As noted, defendant was convicted on two counts of offender in possession (§ 12021(a)(1)) and two counts of violent offender in possession (§ 12021.1(a)) based on his simultaneous possession of two firearms. In light of the Attorney General's concession below, the Court of Appeal held that section 12021.1(a) is a necessarily included offense of section 12021(a)(1) and reversed defendant's convictions on counts two and four.

In this court, defendant and the Attorney General agree that the rule against multiple convictions based on necessarily included offenses bars separate convictions under both sections for possession of the same gun. They disagree, however, about which offense is necessarily included in the other. Defendant argues that "section 12021, subdivision (a)(1), which applies to *any* felony conviction, is the 'greater' offense, because by definition it includes all of the enumerated felonies in section 12021.1, subdivision (a)." Thus, he argues, violent offender in possession is a "lesser included" offense of offender in possession. Conversely, the Attorney General argues that offender in possession (§ 12021(a)(1)) is a necessarily included offense of violent offender in possession (§ 12021.1(a)) because a person who possesses a firearm, having previously been convicted of one of the violent offenses listed in section 12021.1(b), will necessarily be a *felon* in possession of a firearm under section 12021(a)(1). Both arguments fail. Neither offense is necessarily included in the other.

"In deciding whether multiple conviction is proper, a court should consider only the statutory elements." (*People v. Reed* (2006) 38 Cal.4th 1224, 1229.) "Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former." (*Id*. at p. 1227.) In other words, " '[i]f a crime cannot be committed

5

without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' " (*Ibid*., quoting *People v. Lopez* (1998) 19 Cal.4th 282, 288.)

Section 12021(a)(1) prohibited possession of a firearm by a person convicted of (1) *any* felony *or* (2) an offense "enumerated in subdivision (a), (b), or (d) of [former] Section 12001.6," *or* (3) by a person addicted to a narcotic drug.[4]  Although commonly referred to as "felon in possession of a firearm," some of the offenses listed in section 12001.6 were "wobbler" offenses that could result in either a felony or misdemeanor conviction.[5]  In addition, subdivision (a)(2) of section 12021 banned firearm possession by a person convicted of two or more misdemeanor violations of section 417, subdivision (a)(2) (brandishing a firearm).

---

[4]  Former section 12021(a)(1) provided:  "Any person who has been convicted of a felony under the laws of the United States, the State of California, or any other state, government, or country *or* of an offense enumerated in subdivision (a), (b), or (d) of Section 12001.6, *or* who is addicted to the use of any narcotic drug, and who owns, purchases, receives, or has in his or her possession or under his or her custody or control any firearm is guilty of a felony."  (Italics added.)  See now section 29800, subdivision (a)(1).  For ease of reference, we use the shorthand term possession to encompass the broader description set forth in the statute.

Former section 12001.6, was repealed effective January 1, 2012, but its provisions were continued without substantive change and renumbered as section 23515.  We will refer to this provision as section 12001.6.  As relevant here, section 12001.6 described offenses involving "the violent use of a firearm," including:  assaults with a firearm in violation of section 245, subdivisions (a)(2), (3), or (d) (§ 12001.6, subd. (a)); shooting at an inhabited dwelling in violation of section 246 (§ 12001.6, subd. (b)); and brandishing a firearm in the presence of a peace officer in violation of section 417, subdivision (c) (§ 12001.6, subd. (d)).

On the element of drug addiction, see *People v. Washington* (1965) 237 Cal.App.2d 59, 65-68.

[5]  Sections 245, subdivision (a)(2), 246, and 417, subdivision (c), are all punishable as either a misdemeanor or a felony.

On the other hand, section 12021.1(a) prohibited firearm possession by anyone who had been convicted of an enumerated "violent offense." (See § 12021.1(b).)[6] Most of the offenses listed in former section 12021.1(b) are felonies, but not all. For example, like the offender in possession statute, section 12021.1 included the wobbler offenses enumerated in section 12001.6, subdivisions (a), (b), and (d) (§ 12021.1(b)(27)), and two or more misdemeanor violations of section 417, subdivision (a)(2) (§ 12021.1(b)(29)). In addition, section 12021.1(b)(24) included "[a]ssault with a deadly weapon or force likely to produce great bodily injury," which is punishable as either a felony or a misdemeanor. (§ 245, subd. (a)(1); see also *People v. Feyrer* (2010) 48 Cal.4th 426, 430.)[7]

Comparing these statutory elements, violent offender in possession (§ 12021.1(a)) is not a necessarily included offense of offender in possession (§ 12021(a)(1)). It was possible to violate section 12021(a)(1) without necessarily violating section 12021.1(a). For example, a person could have violated section 12021(a)(1) by possessing a firearm after having been convicted of any felony not

---

**6** Former section 12021.1(a) provided: "Notwithstanding subdivision (a) of Section 12021, any person who has been previously convicted of any of the offenses listed in subdivision (b) and who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony. A dismissal of an accusatory pleading pursuant to Section 1203.4a involving an offense set forth in subdivision (b) does not affect the finding of a previous conviction. If probation is granted, or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the defendant serve at least six months in a county jail." See now section 29900, subdivision (a)(1)-(3). Subdivision (b) of section 12021.1 enumerated 29 violent offenses. See now section 29905.

**7** Sections 12021 and 12021.1 both required that the possession be knowing. (*People v. Snyder* (1982) 32 Cal.3d 590, 592.) Accordingly, that element is not a distinguishing factor for either offense.

included in the list of violent offenses under section 12021.1(b), or by possessing a firearm while addicted to a narcotic drug. (See *People v. Sanchez* (1989) 211 Cal.App.3d 477, 483 [rejecting the argument that §§ 12021.1 and 12021 apply to the "same group of individuals" because the latter section applies to a person who is addicted to the use of narcotics or who has been convicted of a felony "*regardless* of whether the felony is a violent offense"] [(italics added, fn. omitted)].)

Defendant urges us to consider the "factual situation presented in this case," namely that defendant's prior conviction was *in fact* included in the list of violent offenses under section 12021.1, in order to conclude that violent offender in possession (§ 12021.1) is a necessarily included offense of offender in possession (§ 12021(a)(1)). He reasons that, on the record here, he stands convicted of a qualifying felony under both statutes. He then maintains that section 12021(a)(1) is thus the greater offense in the sense that it is the broader offense: it applied to *any* felony conviction, including all of the enumerated felonies in section 12021.1(a).

Defendant's argument applies the wrong standard. The statutory elements test does not depend on which statute covers the broader range of conduct. Rather, we ask if the greater offense cannot be committed without also committing the lesser offense. In answering that question, we do not consider the underlying facts of the case or the language of the accusatory pleading. (*People v. Reed*, *supra*, 38 Cal.4th at pp. 1229-1230 [declining to consider the language of the accusatory pleading in deciding whether one offense is necessarily included in another]; *People v. Ortega*, *supra*, 19 Cal.4th at p. 698 [declining to consider the evidence adduced at trial in deciding whether one offense is necessarily included in another]; see also *People v. Sanchez* (2001) 24 Cal.4th 983, 988 [the court considers whether one offense is necessarily included in another "in the

8

abstract"].) Thus, for purposes of the rule barring multiple convictions of necessarily included offenses, it is irrelevant that two of defendant's alleged prior felony convictions also potentially qualified as "violent offenses" under section 12021.1(b),[8] or that defendant stipulated to having been "convicted of a felony within the meaning of Penal Code Sections 12021 and 12021.1 . . . ."

Defendant's argument, that the general provisions of section 12021(a)(1) necessarily trumped section 12021.1(a) to the extent the statutes overlapped in a particular case, also contravenes the express statutory language of section 12021.1(a), that it was to apply "[n]otwithstanding subdivision (a) of section 12021." The Legislature's use of the term "notwithstanding" in this context meant that section 12021.1(a) applied without prevention or obstruction by section 12021(a)(1). (See *People v. Palacios* (2007) 41 Cal.4th 720, 728-729.) Defendant's contrary interpretation of the statute renders the Legislature's use of the word "notwithstanding" meaningless, and violates the principle that when interpreting a statute, significance should be given to every word, phrase, and sentence where possible. (See *People v. Black* (1982) 32 Cal.3d 1, 5.)

In the abstract, a person could have violated section 12021(a)(1) without violating section 12021.1(a). Accordingly, section 12021.1(a) is not an offense necessarily included within section 12021(a)(1).

The Attorney General takes a different, but equally flawed position: that the broader section 12021(a)(1) prohibiting offender in possession is a necessarily included offense of the more specific section 12021.1(a) prohibiting violent

---

**8** Defendant's prior felony convictions for discharge of a firearm with gross negligence (§ 246.3) and kidnapping (§ 207) potentially qualified as "violent offense[s]" under section 12021.1(b)(8) ("any felony in which the defendant uses a firearm which use has been charged and proven") and 12021.1(b)(19) ("Kidnapping").

9

offender in possession. She posits that any person who possessed a firearm, having been convicted of a qualifying violent offense under section 12021.1(b), "would have necessarily committed a felony and possessed a firearm, fulfilling the elements of section 12021, subdivision (a)(1)." We decline to accept this concession because it is not supported by the statutory language. (See *Desny v. Wilder* (1956) 46 Cal.2d 715, 729; *Bradley v. Clarke* (1901) 133 Cal. 196, 209-210.)[9]

We can identify at least one circumstance in which a person could have violated the more narrow section 12021.1(a) without necessarily having violated section 12021(a)(1). Section 12021.1 applied upon conviction of certain "violent *offense*[*s*]," not just violent felonies. (§ 12021.1(b), now § 29905, italics added; *People v. Sanchez*, *supra*, 211 Cal.App.3d at pp. 481-483 [rejecting an argument that § 12021.1(a) applied only to violent felony convictions]; see also 2 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Crimes Against Public Peace and Welfare, § 238, p. 942 ["A *felony* conviction is not required to invoke the prohibition of [section 12021.1(a)]; it is only necessary that the underlying conviction be for a 'violent offense' specified in the statute."].) As noted, several of the "violent offense[s]" set out in former section 12021.1(b) are either wobblers or straight misdemeanors. (See § 12021.1(b)(24), (27) & (29).) The Attorney General's argument that a person falling under section 12021.1(b) "would have necessarily committed a felony" under section 12021(a)(1) is simply inaccurate.

[9] Below, the Attorney General conceded the same position defendant advances here: that section 12021.1(a) is a necessarily included offense of section 12021(a)(1). Because the question is one of law that is properly before us on our own motion (Cal. Rules of Court, rule 8.512(c)(2)), we are not bound by the Attorney General's concession in either forum (*Bradley v. Clarke*, *supra*, 133 Cal. at pp. 209-210; *People v. Randle* (2005) 35 Cal.4th 987, 1001-1002, disapproved on another ground in *People v. Chun* (2009) 45 Cal.4th 1172, 1201).

Moreover, although the two statutes overlap in their inclusion of several wobbler or misdemeanor offenses,**10** only section 12021.1(a) could be satisfied by a misdemeanor violation of section 245, subdivision (a)(1).  (See § 12021.1(b)(24).)**11**

The second sentence of section 12021.1(a) further illustrates the point. That sentence provided, "A dismissal of an accusatory pleading pursuant to Section 1203.4a involving an offense set forth in subdivision (b) does not affect the finding of a previous conviction."  Section 1203.4a requires a trial court to dismiss misdemeanor or infraction convictions in certain circumstances, and has no relevance in cases involving felonies.

---

**10**     As noted, sections 12021(a)(1) and 12021.1(b)(27) both included additional offenses that were punishable as either a felony or a misdemeanor, by reference to a conviction for an "offense enumerated in subdivision (a), (b), or (d) of Section 12001.6."  Likewise, sections 12021(a)(2) and 12021.1(b)(29) both banned firearm possession by a person convicted of two or more misdemeanor violations of section 417, subdivision (a)(2).

**11**     Former section 12021, subdivision (c)(1) (repealed and renumbered as § 29805) prohibited possession of a firearm by persons convicted of several enumerated misdemeanor violations, including a misdemeanor violation of section 245, subdivision (a)(1).  That section applied only if the firearm possession occurred within 10 years of the misdemeanor conviction, and only if the defendant did not otherwise qualify for punishment under section 12021(a).  (§ 12021, subd. (c)(1) ["[e]xcept as provided in" § 12021(a) or § 12021, subd. (c)(2)]; accord, *Rash v. Lungren* (1997) 59 Cal.App.4th 1233, 1238.)

Neither party invites us to consider subdivision (c)(1) of section 12021 for purposes of applying the rule against multiple convictions for necessarily included offenses.  Accordingly, we need not decide whether section 12021(a)(1) should be considered in isolation or together with subdivision (c)(1) of that section as constituting one crime.  (*People v. Breverman* (1998) 19 Cal.4th 142, 154, fn. 5; *id*. at p. 170, fn. 19; see generally *People v. Ortega, supra*, 19 Cal.4th at pp. 694-699, [the traditional crime of theft includes both petty theft and grand theft]; *People v. Ryan* (2006) 138 Cal.App.4th 360, 364 [when the Legislature divided § 470, defining the traditional crime of forgery, into subdivisions, it described "different ways of committing a single offense, i.e., forgery"].)

Consequently, a person convicted of a *misdemeanor* violation of section 245, subdivision (a)(1) would be barred from possessing a firearm under section 12021.1(a), while he or she would not be barred from possessing a firearm under section 12021(a)(1). (*People v. Sanchez, supra,* 211 Cal.App.3d at pp. 481-483 [§ 12021.1(a) applied to a misdemeanor violation of § 245, subd. (a)(1)].) It follows that offender in possession (§ 12021(a)(1)) is not a necessarily included offense of violent offender in possession (§ 12021.1(a)) because a person could have violated section 12021.1(a) without necessarily violating section 12021(a)(1). (Cf. *People v. Williams* (2009) 170 Cal.App.4th 587, 643-644 [possession of specified controlled substances (Health & Saf. Code § 11377, subd. (a)) is not a necessarily included offense of possession of different list of controlled substances while armed (Health & Saf. Code § 11370.1, subd. (a)) because the list of controlled substances in each statute is not coextensive]; *People v. Scheidt* (1991) 231 Cal.App.3d 162, 165-166 [possession of a sawed-off shotgun (former § 12020, subd. (a), now § 33215) is not a necessarily included offense of possession of a firearm by a person convicted of a violent offense (former § 12021.1(a))].)

In sum, we conclude that neither section 12021(a)(1) nor section 12021.1(a) is a necessarily included offense of the other, because it was possible to commit either offense without committing the other. (*People v. Ortega*, *supra*, 19 Cal.4th at p. 693.) Accordingly, the rule against multiple convictions for necessarily included offenses does not bar defendant's separate convictions for violating both sections based on possession of the same weapon. The Court of Appeal erred in reversing defendant's convictions on counts two and four.

12

B.  *Defendant Could Be Separately Punished for Each Firearm He Illegally Possessed*

The trial court sentenced defendant to concurrent terms of 25 years to life for his two convictions for offender in possession under section 12021(a)(1).  The Court of Appeal stayed one of the concurrent sentences pursuant to section 654 for lack of evidence that defendant harbored a separate intent or objective in possessing the two firearms.  Our recent precedent compels the opposite result.

We held in *Correa*, *supra*, 54 Cal.4th 331, that, "[b]y its plain language section 654 does not bar multiple punishment for multiple violations of the same criminal statute." (*Id*. at p. 334.)  Section 654 expressly applies only to "[a]n act or omission that is punishable in different ways by *different* provisions of law . . . ." (§ 654, subd. (a), italics added.)  In refusing to extend section 654's reach beyond its plain language, we disapproved of dictum in *Neal v. State of California* (1960) 55 Cal.2d 11, 18, footnote 1, which stated:  "[a]lthough section 654 does not expressly preclude double punishment when an act gives rise to more than one violation of the same Penal Code section or to multiple violations of the criminal provisions of other codes, it is settled that the basic principle it enunciates precludes double punishment in such cases also.  [Citations.]" (See *Correa,* at pp. 334, 338.)  We observed that *Neal*'s interpretation of the statue undermines the purpose of section 654, which is to ensure that the defendant's punishment will be commensurate with his culpability. (*Correa*, at pp. 341-343.)  Generally, a person who violates the same statute multiple times is more culpable than a person who violates the statute only once. (*Id*. at pp. 341-342, citing *People v. Latimer* (1993) 5 Cal.4th 1203, 1211.)

Correa, like defendant here, was convicted of multiple counts of offender in possession (§ 12021(a)(1)), based on his simultaneous possession of a cache of weapons.  In that case, we announced, as a new rule, that section 654 does not bar

13

multiple punishment for violations of the same provision of law. We held further that this new rule could not apply retroactively to Correa under the protections of the ex post facto clause. (*Correa*, *supra*, 54 Cal.4th at pp. 334, 344-345.)

We also concluded, however, that the Legislature had specifically exempted section 12021(a)(1) from the application of section 654 in circumstances where a defendant is found in possession of several firearms. We reasoned: "The Legislature, in enacting former section 12001, subdivision (k) in 1994, made it clear that the magnitude of a felon's culpability depends on the number of weapons he or she possesses. It provided that the possession of 'each firearm . . . shall constitute a distinct and separate offense' under, among other provisions, section 12021." (*Correa*, *supra*, 54 Cal.4th at p. 345.)[12] Accordingly, we held that Correa's sentence "did not violate section 654 because specific statutory authority makes possession of each weapon a separate offense. (Former § 12001, subd. (k).)" (*Correa*, at p. 334.)

Likewise here. Defendant's two convictions for violating section 12021(a)(1), based on his simultaneous possession of *two firearms*, are exempt from section 654's application because the Legislature intended that the possession of "each firearm . . . shall constitute a distinct and separate offense" under that statute. (§ 12001, subd. (k).) The same is true of defendant's two convictions for violating section 12021.1(a). (§ 12001, subd. (k).) Applying this

---

[12] Former section 12001, subdivision (k), was repealed effective January 1, 2012, but its provisions were reenacted without substantive change and renumbered as section 23510. We will refer to this provision as section 12001. Section 12001, subdivision (k), provided: "For purposes of Sections 12021, 12021.1 [and other enumerated sections of the Pen. Code and Welf. & Inst. Code], notwithstanding the fact that the term 'any firearm' may be used in those sections, each firearm . . . shall constitute a distinct and separate offense under those sections."

14

rule, which has been in existence since the 1994 amendment to section 12001, raises no ex post facto concerns.[13]

Defendant, however, may not be separately *punished* for violations of sections 12021(a)(1) and 12021.1(a) based on his possession of the *same firearm*, even though multiple *convictions* for both offenses were proper. In *People v. Reed*, *supra*, 38 Cal.4th 1224, we held that "[w]hen section 954 permits multiple conviction, but section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited." (*Id.* at p. 1227.) We recently affirmed that principle in *People v. Jones, supra*, 54 Cal.4th 350. Jones, a convicted felon, was found in possession of a loaded .38-caliber revolver that was not registered to him. He was convicted of three crimes: possession of a firearm by a felon, carrying a readily accessible concealed and unregistered firearm, and carrying an unregistered loaded firearm in public. We concluded that "[b]ecause different provisions of law punish in

---

**13** Defendant maintained at oral argument that it would be unfair to apply the holding in *Correa* to him because he prevailed in the Court of Appeal under the binding authority of *Neal,* and he did not raise the multiple punishment issue in his petition for review. Although defendant couches his argument in terms of detrimental reliance, he fails to provide either facts or legal authority to support that claim. Defendant was aware at the time he petitioned for review that this court had granted review in *Correa* to resolve the same issue of multiple punishment presented in his case, a fact he noted in the Court of Appeal briefing. Defendant was also on notice of this court's authority to order review on its own motion. (Cal. Rules of Court, rule 8.512(c).) Finally, it is well established that the appellate court can correct a legal error resulting in an unauthorized sentence (including a misapplication of § 654) at any time. (*People v. Scott* (1994) 9 Cal.4th 331, 354 & fn. 17.) Notably, the result we authorize here does not exceed the term of imprisonment originally imposed by the trial court and thus does not penalize defendant for exercising his appellate rights. (See *People v. Hanson* (2000) 23 Cal.4th 355, 365-367.)

15

different ways defendant's single act, . . . section 654's plain language prohibits punishment for more than one of those crimes." (*Id.* at p. 352.) Likewise, here, defendant's single act of possessing a firearm resulted in felony convictions under both sections 12021(a)(1) and 12021.1(a). Section 654 prohibits multiple punishment under this circumstance. (*People v. Jones*, *supra*, 54 Cal.4th at pp. 358-360.)

The question remains which of defendant's sentences must be stayed. The trial court sentenced defendant on his prior conviction possessions (§ 12021(a)(1)), and stayed execution of sentence on his violent conviction possessions (§ 12021.1(a)). We conclude that the plain language of section 654 and section 12021.1(a) compel the opposite result.

As relevant, section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished *under the provision that provides for the longest potential term of imprisonment*, but in no case shall the act or omission be punished under more than one provision." (Italics added; see also *People v. Kramer* (2002) 29 Cal.4th 720, 722-725 [construing the term "longest potential term of imprisonment" in § 654].)

The punishment for violating section 12021(a)(1) was 16 months, two, or three years. (§§ 18 & 12021(a)(1), now § 29800, subd. (a)(1).) The punishment for violating section 12021.1(a) was likewise 16 months, two, or three years. (§§ 18 & 12021.1(a), now § 29900, subd. (a)(1).) Section 12021.1(a) additionally provided, however, that "[i]f probation is granted, or if the imposition or execution of sentence is suspended, it shall be a condition of the probation or suspension that the defendant serve at least six months in a county jail" except in unusual cases where the interests of justice warrant no jail time. (See § 12021.1, subd. (d).) Accordingly, section 12021.1(a) provided for the longest potential term of imprisonment, at least where a grant of probation was involved, because it

16

imposed a mandatory minimum jail term in that circumstance.  (See § 2900.5,
subd. (c) [defining "term of imprisonment" to include "any period of
imprisonment imposed as a condition of probation"].)

Sentencing defendant under section 12021.1(a) is also consistent with the
statute's express mandate that it was to apply "[n]otwithstanding subdivision (a) of
section 12021 . . . ."  As previously noted, the phrase "notwithstanding" signals
the Legislature's intent to have the statute apply without prevention or obstruction
by section 12021(a)(1).  (See *People v. Palacios, supra,* 41 Cal.4th at pp. 728-
729.)  It would have contravened legislative intent to stay execution of sentence on
a section 12021.1(a) conviction in favor of imposing sentence on a section
12021(a)(1) conviction.  (Cf. *People v. Ahmed* (2011) 53 Cal.4th 156, 163 [courts
must look to the language of the statutes themselves to see if they supply the
answer regarding whether or how multiple punishments may be imposed].)

Accordingly, we hold that defendant may be separately punished for two
violations of section 12021(a)(1) and of section 12021.1(a) based on his
simultaneous possession of two firearms.  The Court of Appeal erred in
concluding otherwise.  However, we also hold that defendant may not be
separately punished for violations of sections 12021(a)(1) and 12021.1(a) based on
possession of the same firearm.  While the trial court correctly recognized this
point, it incorrectly stayed execution of sentence on the wrong offenses
(§ 12021.1(a)).

17

## III. DISPOSITION

We reverse the judgment of the Court of Appeal insofar as it reversed defendant's convictions on counts two and four, vacated the sentences on those counts, and ordered that the sentence on count three be stayed. In all other respects, we affirm the Court of Appeal judgment. We remand the matter to that court for further proceedings consistent with our opinion.

**CORRIGAN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C.J.**
**KENNARD, J.**
**BAXTER, J.**
**WERDEGAR, J.**
**CHIN, J.**

18

**CONCURRING OPINION BY LIU, J.**


The doctrine of lesser included offenses is, at its core, a doctrine about legislative intent. It "is part of the constitutional guarantee against double jeopardy." (*People v. Smith* (1950) 36 Cal.2d 444, 448; *People* v. *Kehoe* (1949) 33 Cal.2d 711, 713.) "[O]nce a conviction on the lesser offense has been obtained, ' "to . . . convict of the greater would be to convict twice of the lesser." ' [Citation.]" (*People v. Fields* (1996) 13 Cal.4th 289, 306.) Importantly, double jeopardy principles do not bar a legislature from authorizing multiple conviction and multiple punishment for necessarily included offenses. (*Garrett* v. *United States* (1985) 471 U.S. 773, 779; *Brown v. Ohio* (1977) 432 U.S. 161, 165.) Instead, the rule against multiple convictions of necessarily included offenses is a judicially created doctrine premised on the notion that the legislature "ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent." (*Whalen v. United States* (1980) 445 U.S. 684, 692.)

Here, the legislative intent is clear on the face of the statute. Former Penal Code section 12021.1, subdivision (a) (hereafter section 12021.1(a)) expressly states that it applies "[n]otwithstanding subdivision (a) of section 12021." This is a clear expression of the Legislature's intent that a defendant whose conduct

1

violates former Penal Code section 12021, subdivision (a)(1) (hereafter section 12021(a)(1)) may also be convicted under section 12021.1(a).  Accordingly, I agree that the judgment of the Court of Appeal must be reversed insofar as it reversed defendant's convictions on counts two and four.

I agree with the court's application of *People v. Correa* (2012) 54 Cal.4th 331 and *People v. Jones* (2012) 54 Cal.4th 350 to hold that defendant may be punished separately for two violations of section 1202(a)(1) and of section 12021.1(a) based on his simultaneous possession of two firearms, but that defendant may not be punished separately for violations of sections 12021(a)(1) and 12021.1(a) based on possession of the same firearm.

LIU, J.

2

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Sanders

_____

**Unpublished Opinion** XXX NP opn. filed 2/1/11 – 5th Dist.
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S191341
**Date Filed:** November 19, 2012

_____

**Court:** Superior
**County:** Kern
**Judge:** Michael E. Dellostriitto

_____

**Counsel:**

Robert Navarro, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Janet E. Neeley and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Robert Navarro
1295 North Wishon Avenue, Suite 3
Fresno, CA  93728
(559) 497-5341

Catherine Tennant Nieto
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA  94244-2550
(916) 323-6307