Filed 5/26/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HURIEL MACHUCA,<br><br>    Defendant and Appellant. | F076580<br><br>(Super. Ct. No. BF163700A)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Amanda D. Cary and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**SEE DISSENTING OPINION**

## INTRODUCTION

Just after midnight on March 26, 2016, defendant Huriel Machuca drove his sports utility vehicle (SUV) through a red light at a high rate of speed, colliding with a pickup truck carrying three young men. Two of the men in the pickup truck were severely injured. The third died at the hospital. Blood and breath tests revealed defendant had a blood alcohol concentration between 0.17 and 0.18 percent.

A jury found defendant guilty of gross vehicular manslaughter while intoxicated as to the decedent, Jade F.[1] (Pen. Code, § 191.5, subd. (a);[2] count 2) and found true the additional allegation that defendant caused bodily injury to the two survivors, Julian O. and Isaiah Z. (Veh. Code, § 23558).

The jury found defendant guilty of driving under the influence of alcohol and causing bodily injury to Julian (Veh. Code, § 23153, subd. (a); count 3) and driving with an elevated blood alcohol level and causing bodily injury to Julian (*id*., § 23153, subd. (b); count 4). As to both count 3 and count 4, the jury found true that defendant also caused bodily injury to Isaiah (*id*., § 23558) and personally inflicted great bodily injury upon both Julian and Isaiah (Pen. Code, § 12022.7, subd. (a)).[3]

Defendant was sentenced to an aggregate prison term of 12 years and 8 months. That term included the upper term of 10 years on count 2, a consecutive term of eight months on count 3, and two 1-year terms for the great bodily injury enhancements to count 3. Sentence on count 4 and the remaining enhancements was stayed pursuant to section 654.

---

[1] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

[2] Undesignated statutory references are to the Penal Code.

[3] Defendant also was acquitted of second degree murder (§ 187, subd. (a); count 1), but found guilty of the lesser included offense of involuntary manslaughter (§ 192, subd. (b)). However, because involuntary manslaughter does "not apply to acts committed in the driving of a vehicle" (§ 192, subd. (b)), this count was dismissed.

On appeal, defendant contends his convictions in counts 3 and 4 must be dismissed because a violation of Vehicle Code section 23153 is a lesser included offense of gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)) when the offenses arise from a single incident.

A violation of Vehicle Code section 23153 is not a lesser included offense of gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)) when, as here, the offenses involve separate victims. We affirm.

## FACTS

The underlying facts are not meaningfully in dispute.

On the evening of March 25, 2016, childhood friends Jade, Julian, and Isaiah drove together in Julian's truck to a party in Bakersfield. However, they "didn't have a good feeling about the party," and immediately left to get something to eat at a nearby fast food establishment. Julian drove, Isaiah sat in the middle, and Jade sat in the passenger seat. Just after midnight, while Julian attempted to make a U-turn at an intersection near the fast food restaurant, defendant ran his SUV through a red light at a high rate of speed and collided with Julian's truck. Witnesses saw this. Video surveillance showed defendant entered the intersection nine seconds after his light turned red. Data retrieved from defendant's SUV showed he accelerated from 81 to 88 miles per hour immediately before the collision.

When law enforcement arrived, Julian's truck was partially wrapped around a traffic pole and defendant's SUV had extensive front-end damage. Defendant was standing near the front of the SUV. He admitted he was the driver of the SUV and he declined medical attention. Jade's upper torso was hanging out of the passenger side window of the truck and he was unresponsive. Isaiah and Julian were inside the truck, screaming or yelling for help. Officers removed the truck's driver's side door and assisted Julian out of the truck. Firefighters cut the truck to extract Isaiah and Jade.

Julian suffered a severe liver laceration, bruised lungs, fractured ribs, and a cut to his eardrum that temporarily impaired his hearing. His entire body was sore, and he was given a soft cast for his hand. Isaiah had fractured ribs, lacerations to his liver and kidney, and bruised lungs. He also was given a neck brace. Jade was non-responsive when he arrived at the hospital and required CPR to regain a pulse. A CAT scan revealed that he had been internally decapitated. He also had bruised lungs, fractured ribs, a severe liver injury, and multiple pelvic fractures. He died during surgery.

Defendant admitted drinking alcohol prior to the collision, but made different statements to different officers regarding the amount he had consumed. His performance on field sobriety tests was consistent with alcohol impairment. A preliminary alcohol screening test performed at 1:08 a.m. showed that defendant had a blood alcohol concentration of 0.17 percent. Two evidentiary breath tests performed at 1:15 a.m. and 1:18 a.m., respectively, showed defendant had a blood alcohol concentration of 0.18 percent. A blood draw performed at 2:19 a.m. showed defendant had a blood alcohol concentration of 0.177 percent. Defendant also had a prior conviction for driving while intoxicated in another state.

Julian denied drinking alcohol prior to the collision. Blood and breath tests revealed he had a blood alcohol concentration of 0.00 percent.

## DISCUSSION

Defendant contends his convictions for driving under the influence causing bodily injury (Veh. Code, § 23153, subd. (a); count 3) and driving with a blood alcohol concentration of 0.08 percent or more and causing bodily injury (*id*., § 23153, subd. (b); count 4) must be reversed because they are lesser included offenses of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a); count 2). We conclude the convictions are proper because counts 3 and 4 arose from injuries to a different victim than the conviction on count 2.

4.

"In general, a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act or course of conduct. 'In California, a single act or course of conduct by a defendant can lead to convictions "of *any number* of the offenses charged." ' " (*People v. Reed* (2006) 38 Cal.4th 1224, 1226-1227.) "Section 954 generally permits multiple conviction." (*Id.* at p. 1227.) "However, a judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses." (*People v. Ramirez* (2009) 45 Cal.4th 980, 984.) " 'In deciding whether multiple conviction is proper, a court should consider only the statutory elements.' [Citation.] 'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former.' [Citation.] In other words, ' "[i]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former." ' " (*People v. Sanders* (2012) 55 Cal.4th 731, 737 (*Sanders*).) "When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*Id.* at p. 736.)

As relevant here, section 191.5, subdivision (a) defines gross vehicular manslaughter while intoxicated as "the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act that might produce death, in an unlawful manner, and with gross negligence." (*Ibid*.) Thus, a violation of Vehicle Code section 23153 constitutes one way that gross vehicular manslaughter while intoxicated may be committed. Vehicle Code section 23153 provides that the offense of driving under the influence and causing bodily injury to another person may be

5.

committed in various ways, including driving under the influence of any alcoholic beverage (*id*., subd. (a)), driving with a blood alcohol concentration of 0.08 percent or more (*id*., subd. (b)), or driving a commercial vehicle with a blood alcohol concentration of 0.04 percent or more (*id*., subd. (d)).

In *People v. Miranda* (1994) 21 Cal.App.4th 1464 (*Miranda*), the defendant was convicted on several charges relating to the death of a single victim, including gross vehicular manslaughter while intoxicated and driving under the influence causing bodily injury. (*Id.* at p. 1466.) On appeal, the defendant argued his conviction for driving under the influence causing bodily injury was a lesser included offense of gross vehicular manslaughter while intoxicated. (*Id.* at pp. 1466-1467.) The Court of Appeal agreed, concluding that gross vehicular manslaughter while intoxicated could not be committed without also violating Vehicle Code section 23153[4]: "One person who injures a person while driving under the influence commits a violation of Vehicle Code section 23153; and if that person dies from that injury—whether immediately or sometime later—a violation of Penal Code section 191.5 has occurred." (*Miranda*, *supra*, at p. 1468.) Accordingly, the court determined the defendant's conviction for violating Vehicle Code section 23153 could not stand. (*Miranda*, at p. 1468.)

Similarly, in *People v. Binkerd* (2007) 155 Cal.App.4th 1143 (*Binkerd*), the defendant pled no contest to driving under the influence causing bodily injury (Veh. Code, § 23153, subd. (a)), and vehicular manslaughter without gross negligence (former § 192, subd. (c)(3), now codified at § 191.5, subd. (b)) in relation to the death of a single

---

**4**     At the time the offense described in *Miranda* was committed, gross vehicular manslaughter while intoxicated required a violation of either section 23152 or section 23153 of the Vehicle Code. (See *Miranda*, *supra*, 21 Cal.App.4th at p. 1468.) Vehicle Code section 23152 proscribed then, as it does now, essentially the same conduct as Vehicle Code section 23153, but without the requirement of causing bodily injury. Penal Code section 191.5, subdivision (a) was later amended to add Vehicle Code section 23140 as an additional possible means of committing gross vehicular manslaughter while intoxicated. (See Stats. 1994, ch. 71, § 1.)

victim. (*Binkerd*, at pp. 1145-1146.) On appeal, the defendant argued her conviction for driving under the influence causing bodily injury was a lesser included offense of vehicular manslaughter without gross negligence, and the court agreed. (*Id.* at p. 1147.) Citing *Miranda*, *supra*, 21 Cal.App.4th 1464, the court concluded the two statutes differed only in the extent of the resulting injury, and that the defendant could not have committed vehicular manslaughter without necessarily injuring the victim. (*Binkerd*, at p. 1148.)

The convictions at issue in *Miranda* and *Binkerd* involved the injury and death of a single victim. Indeed, their holdings were expressly predicated on this fact, as the court in both cases reasoned the defendant could not have committed vehicular manslaughter without also injuring the decedent. (*Miranda*, *supra*, 21 Cal.App.4th at p. 1468; *Binkerd*, *supra*, 155 Cal.App.4th at p. 1148.) In contrast, here, the Vehicle Code section 23153 violations were based on injury to Julian, while the manslaughter count arose from the death of Jade. In this circumstance, the reasoning of *Miranda* and *Binkerd* does not support the conclusion that Vehicle Code section 23153 is a lesser included offense, because defendant could have killed Jade in violation of Penal Code section 191.5, subdivision (a), without injuring Julian in violation of Vehicle Code section 23153.

Moreover, two decisions of our Supreme Court support the conclusion that Vehicle Code section 23153 is not a lesser included offense of Penal Code section 191.5, subdivision (a) when the offenses involve different victims. First, in *Wilkoff v. Superior Court* (1985) 38 Cal.3d 345 (*Wilkoff*), the defendant caused a four-vehicle collision that resulted in the death of one individual and injury to five others. (*Id.* at pp. 347-348.) She was charged with one count of vehicular manslaughter (former § 192), as well as one count of driving under the influence of alcohol (Veh. Code, § 23153, subd. (a)) and one count of driving with a blood alcohol level of 0.10 or above (Veh. Code, § 23153, former subd. (b)) for each of the six victims, including the decedent. (*Wilkoff*, at p. 348.)

7.

Defendant Wilkoff sought to dismiss 10 of the 12 felony drunk driving counts, arguing that only one count of Vehicle Code section 23153, subdivision (a), and one count of Vehicle Code section 23153, former subdivision (b) could arise from a single incident of driving under the influence, even when more than one person is injured. (*Wilkoff*, *supra*, 38 Cal.3d at p. 348.) Our Supreme Court agreed, holding that "the gravamen of the offense" under Vehicle Code section 23153 is the act of driving a vehicle while intoxicated which, in a single driving incident, occurs only once. (*Wilkoff*, at p. 349.) The court contrasted this with the offense of vehicular manslaughter, where the prohibited act of committing an unlawful killing may be committed several times in the course of a single driving incident. (*Id.* at pp. 349-350.) The court noted that "[a] defendant may properly be convicted of multiple counts for multiple victims of a single criminal act only where the act prohibited by the statute is centrally an 'act of violence against the person.' " (*Id.* at p. 351.) Accordingly, the high court ordered the trial court to set aside all the felony drunk driving counts, with the exception of one count under subdivision (a) and one count under former subdivision (b) of Vehicle Code section 23153. (*Wilkoff*, at pp. 353-354.) Notably, the court left undisturbed the charge of vehicular manslaughter. (*Id.* at pp. 348, 354.)

In *People v. McFarland* (1989) 47 Cal.3d 798 (*McFarland*), the defendant pled no contest to vehicular manslaughter with gross negligence (former § 192, subd. (c)(3), now codified in § 191.5) and two counts of driving under the influence causing bodily injury (Veh. Code, § 23153, subd. (a)), arising from an incident in which one person was killed and two others were injured. The Court of Appeal concluded the defendant could properly be sentenced for both the manslaughter conviction and one count of driving under the influence in violation of Vehicle Code section 23153. (*McFarland*, at p. 802.) Our Supreme Court agreed, rejecting the defendant's argument that section 654

prohibited sentencing on both one count of manslaughter and one count of felony drunk driving:**5**

> " 'A defendant may properly be convicted of multiple counts for multiple victims of a single criminal act . . . where the act prohibited by the statute is centrally an "*act of violence* against the person." ' [Citations.] Plainly, vehicular manslaughter with gross negligence constitutes a crime of violence against the person. [Citation] [¶] Thus, we are satisfied that where, as here, a defendant commits vehicular manslaughter with gross negligence—an act of violence against the person—he may properly be punished for injury to a separate individual that results from the same incident." (*McFarland*, *supra*, 47 Cal.3d at pp. 803-804, fn. omitted.)

Thus, *McFarland* held that a defendant may properly be sentenced for both vehicular manslaughter of one victim and driving under the influence causing bodily injury to a separate victim, but did not expressly address the multiple conviction issue raised here. However, if Vehicle Code section 23153 constituted a lesser included offense of vehicular manslaughter in a multiple victim case, the proper result in *McFarland* would have been reversal of the Vehicle Code section 23153 conviction, rather than upholding the defendant's sentence on that count. (See *Sanders*, *supra*, 55 Cal.4th at p. 736 [requiring reversal of lesser included offense when evidence supports conviction on the greater].) Because the court held the sentence was proper, *McFarland* necessarily suggests a defendant may properly be convicted under both Penal Code section 191.5, subdivision (a) and Vehicle Code section 23153, subdivision (a) when the offenses involve different victims. This is because a defendant cannot be properly sentenced on a count for which he was not properly convicted. Accordingly, a holding that Vehicle Code section 23153 constitutes a lesser included offense of Penal Code

---

**5** "Section 954 concerns multiple convictions. Section 654 is its counterpart concerning punishment. It prohibits multiple punishment for the same 'act or omission.' When section 954 permits multiple conviction, but section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited." (*People v. Reed*, *supra*, 38 Cal.4th at p. 1227; accord, *Sanders*, *supra*, 55 Cal.4th at p. 743.)

9.

section 191.5, subdivision (a) in these circumstances would have the effect of abrogating our Supreme Court's holding in *McFarland*, a power which we do not possess. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Defendant nonetheless contends Vehicle Code section 23153 is always a necessarily included offense of gross vehicular manslaughter while intoxicated, even when the offenses involve different victims, because the identity of the victim is not an element of felony drunk driving under the statutory elements test. (See *Sanders*, *supra*, 55 Cal.4th at p. 737 [applying statutory elements test to determine whether one offense is necessarily included in the other].) The cases cited by defendant do not support this proposition. (E.g., *People v. Walker* (2014) 231 Cal.App.4th 1270, 1276 [holding that failure to name individual victims of a Veh. Code, § 23153 violation in the charging document was irrelevant to court's ability to award restitution to such victims]; *People v. Griggs* (1989) 216 Cal.App.3d 734, 739, 742 [holding, where the defendant shot a firearm into a large crowd, that an "identifiable victim" is not a necessary element of assault with a deadly weapon because "[a]ll that is necessary is that there is a victim" and "the characteristics of the victim [such as fear, lack of fear, injury, or lack of injury] are not critical elements of the offense"].) Moreover, any violation of Vehicle Code section 23153 requires that the defendant caused bodily injury to a person. When someone other than the manslaughter victim is injured, charges for both gross vehicular manslaughter while intoxicated and felony drunk driving are permissible. (*McFarland*, *supra*, 47 Cal.3d at pp. 803-804; accord, *Wilkoff*, *supra*, 38 Cal.3d at pp. 348, 353-354.)

Defendant also points out that, in *People v. Givan* (2015) 233 Cal.App.4th 335, this court concluded a defendant could not be convicted of both driving under the influence and causing bodily injury (Veh. Code, § 23153, subd. (a)), and gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)), despite the incident involving multiple victims. (*Givan*, at pp. 338-339, 351.) However, in *Givan*, the People

10.

conceded the issue and the question was not addressed in any substantive detail. (*Id*. at p. 351.) We therefore do not find *Givan* persuasive on this point.

Finally, we note that permitting convictions for both felony drunk driving and gross vehicular manslaughter while intoxicated when the convictions relate to different victims gives effect to the intent of the Legislature. When our Supreme Court in *Wilkoff* interpreted Vehicle Code section 23153, subdivisions (a) and (b), to allow for only one charge of felony drunk driving under each subdivision, irrespective of the number of individuals who are injured (*Wilkoff*, *supra*, 38 Cal.3d at p. 349), the Legislature responded by enacting sentencing enhancements for each additional injured victim (see Stats. 1985, ch. 902, § 1, adding former Veh. Code, § 23182, now codified at Veh. Code, § 23558; see also *McFarland*, *supra*, 47 Cal.3d at p. 805 [discussing legislative intent of Veh. Code, § 23182]). When the Court of Appeal in *McFarland* later determined this enhancement did not apply to a manslaughter conviction, the Legislature promptly responded by amending the statute to extend the enhancement to drunk driving that causes " 'bodily injury *or death*.' " (*McFarland*, at p. 805 [quoting Stats. 1988, ch. 1264, § 1].) In so doing, the Legislature "left *undisturbed*" the court's holding that "separate punishment may be imposed where a single drunk-driving incident results in multiple injuries and separate convictions of felony drunk driving and vehicular manslaughter." (*McFarland*, at p. 806.) In this circumstance, we must presume the Legislature intentionally declined to amend either statute to preclude separate convictions and punishment. (*Marina Point, Ltd. v. Wolfson* (1982) 30 Cal.3d 721, 734 ["It is a well-established principle of statutory construction that when the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and to have acquiesced in the previous judicial construction."]; accord, *McFarland*, at p. 805.)

Defendant was convicted on count 2 for gross vehicular manslaughter while intoxicated of Jade in violation of section 191.5, subdivision (a). He was convicted on

11.

counts 3 and 4 for drunk driving and causing injury to Julian under Vehicle Code section 23153, subdivisions (a) and (b), respectively. Because the offenses involved different victims, counts 3 and 4 are not necessarily included offenses of count 2. (See *McFarland*, *supra*, 47 Cal.3d at p. 804.)

## DISPOSITION

The judgment is affirmed.


                                                        DETJEN, Acting P.J.

I CONCUR:


DE SANTOS, J.

12.

SNAUFFER, J., Dissenting.

This appeal presents a purely legal question. Does a violation of Penal Code section 191.5, for vehicular manslaughter while intoxicated against one victim, necessarily include a violation of Vehicle Code section 23153, for driving while intoxicated and proximately causing bodily injury, to a different victim? I believe the answer is yes. Because the majority concludes otherwise, I respectfully dissent.

## DISCUSSION

The majority concludes "[a] violation of Vehicle Code section 23153 is not a lesser included offense of gross vehicular manslaughter while intoxicated ([Pen. Code,] § 191.5, subd. (a)) when, as here, the offenses involve separate victims." (Maj. opn., *ante*, at p. 3.) I disagree for the following reasons.

At the outset, "it is important to distinguish [between two] related but distinct concepts: … multiple conviction[] and multiple punishment." (*People v. Correa* (2012) 54 Cal.4th 331, 336 (*Correa*).) "It is also important to recognize that [Penal Code] section 654 concerns only multiple punishment, not multiple convictions." (*Ibid.*)

"In general, a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act or course of conduct. 'In California, a single act or course of conduct by a defendant can lead to convictions "of *any number* of the offenses charged." [Citations.]' [Penal Code] section 954 generally permits multiple conviction. [Penal Code] section 654 is its counterpart concerning punishment. It prohibits multiple punishment for the same 'act or omission.' When [Penal Code] section 954 permits multiple conviction, but [Penal Code] section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited." (*People v. Reed* (2006) 38 Cal.4th 1224, 1226–1227 (*Reed*).)

However, "[a] judicially created exception to the general rule permitting multiple conviction 'prohibits multiple convictions based on necessarily included offenses.'

[Citation.] '[I]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' " (*Reed, supra,* 38 Cal.4th at p. 1227.) " 'To permit conviction of both the greater and the lesser offense ' " 'would be to convict twice of the lesser.' " ' " (*People v. Medina* (2007) 41 Cal.4th 685, 702 (*Medina*).) "The doctrine of lesser included offenses is, at its core, a doctrine about legislative intent. It 'is part of the constitutional guarantee against double jeopardy.' " (*People v. Sanders* (2012) 55 Cal.4th 731, 745 (conc. opn. of Liu, J.).)

When considering whether "a defendant may be convicted of multiple *charged* crimes," courts should consider "only the statutory elements." (*Reed, supra,* 38 Cal.4th at p. 1231.) Based on the statutory elements, Vehicle Code section 23153 is necessarily included within Penal Code section 191.5, subdivision (a). (*People v. Givan* (2015) 233 Cal.App.4th 335, 351; *People v. Binkerd* (2007) 155 Cal.App.4th 1143, 1149-1150; *People v. Miranda* (1994) 21 Cal.App.4th 1464, 1468.)

The circumstance of nominally distinct victims to each offense does not compel a different conclusion. Vehicle Code section 23153 is an offense that proscribes driving while intoxicated, not the resulting injury. Penal Code section 191.5 involves the identical driving act, but proscribes the resulting homicide.

In *Wilkoff v. Superior Court*, the Supreme Court held "one instance of [intoxicated] driving is chargeable as only one count of felony [intoxicated] driving … even if more than one person is injured thereby." (*Wilkoff v. Superior Court* (1985) 38 Cal.3d 345, 349 (*Wilkoff*).) "*Wilkoff* was not based upon [Penal Code] section 654, but rather upon the language of, and the legislative intent underlying, Vehicle Code section 23153 …." (*People v. McFarland* (1989) 47 Cal.3d 798, 805 (*McFarland*).)

2.

"The actus reus of vehicular manslaughter is homicide—the unlawful killing of a human being."[1]  (*Wilkoff, supra,* 38 Cal.3d at p. 349.)  "In contrast … the act prohibited by [Vehicle Code] section 23153 is defined in terms of an act of driving: the driving of a vehicle while intoxicated and, when so driving, violating any law relating to the driving of a vehicle.  The actus reus of the offense does not include causing bodily injury.  Rather, where bodily injury *proximately results* from the prohibited act, the offense is elevated from a misdemeanor to a felony."  (*Id*. at p. 352.)

Based on the above principles, I would hold that where a defendant is convicted of violating Penal Code section 191.5, he or she may not also be convicted of Vehicle Code section 23153 for an offense involving the same act of driving because it is a necessarily included offense *even when the victims are different*.[2]  Two reasons underly this conclusion.

First, the nominal victim in a Vehicle Code section 23153 offense is immaterial because the offense is " 'defined in terms of an act of driving: the driving of a vehicle while intoxicated and, when so driving, violating any law relating to the driving of a vehicle.' "  (*Wilkoff, supra,* 38 Cal.3d at p. 352.)  Second, "[t]he legislative response to *Wilkoff* was the enactment of Vehicle Code section [23558], which provides *enhancements* for each additional injured victim.  [Citation.]  Thus … the Legislature … implicitly approved the *Wilkoff* interpretation [that] Vehicle Code section 23153"

---

[1] The court acknowledged one instance of intoxicated driving resulting in multiple homicides is chargeable as multiple counts of vehicular manslaughter.  (*Wilkoff, supra,* 38 Cal.3d at pp. 349-350.)

[2] A defendant may appropriately be charged and convicted for multiple offenses stemming from separate acts of driving.  (See *Wilkoff, supra,* 38 Cal.3d at p. 349, fn. 4 ["By 'one instance' of drunk driving we refer to one volitional act of driving.  Thus if a driver collides with one car and is involuntarily propelled into a second car, only 'one instance' of driving has occurred.  But if a driver collides with the first car and then *voluntarily* drives further and collides with a second car, then two acts of driving have occurred and the driver may be charged with two counts of felony drunk driving."].)

3.

proscribes driving rather than the resulting injury.[3] (*McFarland, supra,* 47 Cal.3d at p. 805.)

The Vehicle Code section 23558 enhancement expresses the Legislature's intended punishment for intoxicated driving that results in multiple injured victims. (*McFarland, supra,* 47 Cal.3d at p. 805.) The enhancement's applicability was subsequently extended to Penal Code section 191.5. (*McFarland,* at p. 801, fn. 4.) Its extension logically expresses the same legislative intent for intended punishment. And legislative intent is at the core of the judicial exception to multiple convictions. (*Medina, supra,* 41 Cal.4th at p. 702.)

Because Vehicle Code section 23153 prohibits intoxicated driving, and Penal Code section 191.5 prohibits intoxicated driving resulting in homicide, to permit convictions for both is to " ' " 'convict twice of the lesser,' " ' " separate victims notwithstanding. (*Medina, supra,* 41 Cal.4th at p. 702.) This is impermissible.

Consider, for example, the courtroom reality in these multiple injured victim intoxicated driving cases. In one count, the defendant is charged with vehicular manslaughter. The judge also instructs the jury on the necessarily lesser included offense of driving while intoxicated and proximately causing injury to the same manslaughter victim.[4] In a separate count, the defendant is charged with driving while intoxicated and proximately causing injury to a distinct nominal victim. Viewed properly, the potential verdicts violate the rule announced in *Wilkoff, supra,* because a defendant may be charged with and punished for only one intoxicated driving offense.[5] (*Wilkoff, supra,*

---

[3] At the time *Wilkoff, supra,* was decided, the enhancement was numbered Vehicle Code section 23182. It was renumbered to Vehicle Code section 23558 in 1999. (Stats. 1998, ch. 118, § 84.)

[4] As occurred in this case.

[5] *Wilkoff* considered and rejected the People's argument a defendant must await conviction on all charges prior to moving to dismiss impermissible convictions. Neither

38 Cal.3d at p. 352 ["Defendants are not chargeable with a greater *number* of offenses simply because the injuries proximately caused by their single offense are greater."]; *McFarland, supra,* 47 Cal.3d at p. 805 [a "defendant may be punished for only one violation of Vehicle Code section 23153"].)

The practical end result is minimal, as current law permits a maximum eight month consecutive sentence for Vehicle Code section 23153 convictions in conjunction with a vehicular manslaughter while intoxicated conviction. (Pen. Code, § 1170.1, subd. (a).) Indeed, in a case involving one fatality and one separately injured victim, a defendant is punished more harshly via the one year Vehicle Code section 23558 enhancement for multiple injured victims than a separate intoxicated driving conviction.[6] (See *McFarland, supra,* 47 Cal.3d at p. 805, fn. 8 [multiple injured victim enhancement cannot be based on separate intoxicated driving charge].)

In holding otherwise, the majority relies heavily on *McFarland, supra.* There, the Supreme Court held "where … a defendant commits vehicular manslaughter with gross negligence—an act of violence against the person—he may properly be punished for injury to a separate individual that results from the same incident." (*McFarland, supra,* 47 Cal.3d at p. 804.) But multiple punishment is not equivalent to multiple convictions.

---

multiple charges nor multiple convictions are permitted. (*Wilkoff, supra,* 38 Cal.3d at p. 353, fn. 12.)

[6] The ultimate punishment varies slightly depending on the number of victims and to a lesser extent on the severity of injuries. A multiple injured victim enhancement is punishable by an additional year in prison. (Veh. Code, § 23558.) A great bodily injury enhancement is generally punishable by three additional years in prison. (Pen. Code, § 12022.7, subd. (a).) The Legislature limited the multiple injured victim enhancement to three additional years but no such limitation applies to great bodily injury enhancements. Great bodily injury enhancements, however, are generally reduced to an equivalent one additional year because they attach to subordinate terms in this context. (Pen. Code, § 1170.1, subd. (a).) But a great bodily injury enhancement cannot attach to a manslaughter conviction. (Pen. Code, § 12022.7, subd. (g); *People v. Cook* (2015) 60 Cal.4th 922, 928.) Of course, the Legislature could choose to amend these provisions to provide for any punishment it deems reasonable.

(See *Correa, supra,* 54 Cal.4th at p. 336; *Reed, supra,* 38 Cal.4th at pp. 1226-1227.) The issues are distinct.

The majority acknowledges *McFarland* "did not expressly address the multiple conviction issue raised here," yet concludes that "[b]ecause the court held the sentence was proper, *McFarland* necessarily suggests a defendant may properly be convicted under both Penal Code section 191.5, subdivision (a) and Vehicle Code section 23153, subdivision (a) when the offenses involve different victims." (Maj. opn., *ante*, at p. 9.) The majority also finds it notable *Wilkoff* "left undisturbed the charge of vehicular manslaughter." (Maj. opn., *ante*, at p. 8.) But "cases are not authority for propositions that are not considered." (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1043.)

The majority also concludes a "holding that Vehicle Code section 23153 constitutes a lesser included offense of Penal Code section 191.5, subdivision (a) in these circumstances otherwise would have the effect of abrogating our Supreme Court's holding in *McFarland* …." (Maj. opn., *ante*, at p. 10.) However, in my view, *McFarland* simply held that the circumstances justify multiple punishment. The opinion does not address multiple convictions. A holding that multiple convictions are impermissible permits multiple punishment via the multiple injured victim enhancement.

In sum, the judicial exception to multiple convictions based on necessarily included offenses applies to Penal Code section 191.5 and Vehicle Code section 23153 regardless of nominally distinct victims. The Vehicle Code section 23153 offense is subsumed within Penal Code section 191.5 because it involves the identical act of driving.

## CONCLUSION

I would reverse the convictions in counts 3 and 4 and remand for resentencing.


SNAUFFER, J.

7.