Filed 3/20/13  P. v. Sanchez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046390 |
| v. | (Super. Ct. No. 09CF1539) |
| ERWIN JOHNNY SANCHEZ, | O P I N I O N |
| Defendant and Appellant. | |
| In re ERWIN JOHNNY SANCHEZ | (Super. Ct. No. 94CF2707) |
| on Habeas Corpus. | |

Appeal from a judgment of the Superior Court of Orange County, James A. Stotler, Judge.  Affirmed as modified.

Original proceedings; petition for a writ of habeas corpus, after judgment of the Superior Court of Orange County.  Petition granted.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Heather F. Crawford, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

In 1994, Penal Code[1] former section 194 provided in pertinent part: "To make a killing either murder or manslaughter, it is requisite that the party die within three years and a day after the strike received or the cause of death administered." (Stats. 1969, ch. 593, § 1, p. 1225.) The Legislature subsequently amended section 194 and as of January 1, 1997, the statute provides: "To make the killing either murder or manslaughter, it is not requisite that the party die within three years and a day after the stroke received or the cause of death administered. If death occurs beyond the time of three years and a day, there shall be a rebuttable presumption that the killing was not criminal. The prosecution shall bear the burden of overcoming this presumption. In the computation of time, the whole of the day on which the act was done shall be reckoned the first." (Stats. 1996, ch. 580, § 1, p. 2653.) We hold this amendment may be applied retroactively to a defendant whose act occurred prior to the amendment *if* the three years and a day term of the earlier version of the statute did not expire prior to the amendment. (*Strong v. Superior Court* (2011) 198 Cal.App.4th 1076; *People v. Snipe* (1972) 25 Cal.App.3d 742.)

---

[1] All statutory references are to the Penal Code.

2

# I

## FACTS

A full recitation of the facts is not necessary given the issues raised on appeal. It suffices to say that in 1996, defendant Erwin Johnny Sanchez pled guilty to attempting to murder (§§ 187, subd. (a), 664, subd. (a)) Scott Sittler on September 29, 1994, when he shot and paralyzed Sittler. The court sentenced defendant to state prison for 20 years.

Sittler died in 2009. In 2010, the district attorney filed an information against defendant, charging him with Sittler's murder (§ 187, subd. (a)) and alleging defendant personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)) and committed the murder for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The trial court denied defendant's motions to dismiss based on what he contended was an ex post facto application of section 194. The jury found defendant guilty of murder and found the enhancement allegations true. The court sentenced defendant to an aggregate term of 29 years to life, consisting of 25 years to life for the murder, plus a consecutive four years on the firearm use enhancement and a two-year concurrent term on the gang enhancement.

# II

## DISCUSSION

A. *The Amendment of Section 194*

At the time defendant shot Sittler in 1994, section 194 provided: "To make a killing either murder or manslaughter, it is requisite that the party die within three years and a day after the stroke received or the cause of death administered." (Former § 194; Stats. 1969, ch. 593, § 1, p. 1225.) Prior to the expiration of the three year and a day period provided in section 194, and prior to Sittler's death, the Legislature amended section 194. It now provides: "To make the killing either murder or manslaughter, it is not requisite that the party die within three years and a day after the stroke received or the

cause of death administered. If death occurs beyond the time of three years and a day, there shall be a rebuttable presumption that the killing was not criminal. The prosecution shall bear the burden of overcoming this presumption. In the computation of time, the whole of the day on which the act was done shall be reckoned the first." (§ 194; Stats. 1996, ch. 580, § 1, 2653.) Defendant contends the amendment cannot be applied retroactively to his conduct in 1994 without violating ex post facto.

The ex post facto clause in article I, section 10 of the United States Constitution prohibits states from enacting an "ex post facto law." Our state ex post facto clause (Cal. Const., art. I, § 9) is coextensive with the federal provision. (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 295-297.) "A law violates the ex post facto clause only if it is retroactive — that is, if it applies to events occurring before its enactment — and if its application disadvantages the offender. [Citation.] A retroactive law does not violate the ex post facto clause if it 'does not alter "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance."' [Citations.]" (*People v. Sandoval* (2007) 41 Cal.4th 825, 853.)

The fountainhead of ex post facto jurisprudence after our country's formation is *Calder v. Bull* (1978) 3 U.S. 386. Justice Chase set forth four categories of laws prohibited by the ex post facto clause. "1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." (*Id.* at p. 390.)

The courts of this state have, on prior occasions, dealt with ex post facto claims in connection with section 194. In *People v. Snipe*, *supra*, 25 Cal.App.3d 742,

4

Snipe brutally beat her child in February 1969, causing a leakage in the child's bowel. At the time, section 194 provided a death must occur within one year and a day of "'the stroke received or the cause of death administered'" for the death to be considered the result of murder or manslaughter. (*Id*. at p. 745.) Snipe's child died 21 months after the beating. However, within a year of the beating and prior to the child dying, the Legislature amended section 194, replacing the year and a day requirement with a three years and a day requirement. (*Ibid*.) Snipe contended the amendment operated in violation of the ex post facto clause because at the time of her act, the statute required the death to occur within a year and a day of the criminal act, the child did not die within that time frame, and Snipe would not have been liable for a murder prosecution but for the amendment to section 194 made *after* her criminal act. (*Ibid*.)

In resolving the ex post facto issue, the court acknowledged "[a]n ex post facto law is a retroactive law applying to offenses committed before its enactment which by its necessary operation and in its relation to the offense, or its consequences, changes the situation of the defendant to his detriment. [Citations.]" (*People v. Snipe*, *supra*, 25 Cal.App.3d at p. 747.) The court then stated, "Constitutional limitations, therefore, are transgressed by retroactive procedural changes *if* they operate to deny the accused a *vested* defense or if they affect him in a harsh or arbitrary manner. [Citation.]" (*Ibid*., italics added.) The court then went on to hold the amendment in that case did not violate ex post facto principles because at the time section 194 was amended — while the year and a day limit was still in effect — the immunity provided with the expiration of the time limit previously provided by the section had not yet vested prior to the amendment. (*People v. Snipe*, *supra,* 25 Cal.App.3d at pp. 747-748.) "The change in the time of death requirement, therefore, [did] not deprive [Snipe] of a vested defense." (*Id*. at p. 747.)

The court went on to determine whether the change affected the quality or quantum of evidence of the prosecution's case or the burden to establish guilt. (*People v. Snipe*, *supra*, 25 Cal.App.3d at p. 747.) The court concluded the amendment did not

5

affect "the quality or quantum of the People's evidence or the burden required to establish [Snipe's] guilt." (*Ibid*.)  It reached this conclusion because it determined the amendment only modified "an archaic common law impediment and was made, obviously, by the Legislature in recognition of the well known fact that modern medicine not only has made it possible to prolong the life of an intended murder victim but also has made it feasible to establish the cause of death even if the victim dies several years after the injury." (*Ibid*.)  The prosecution was still required to prove beyond a reasonable doubt Snipe's criminal conduct proximately caused the child's death.

The *Snipe* court relied on *People v. Ward* (1958) 50 Cal.2d 702, 709-710, as support for its holding.  (*People v. Snipe*, *supra*, 25 Cal.App.3d at pp. 747-748.)  In *Ward*, our Supreme Court cited a number of United States Supreme Court decisions that wrestled with ex post facto claims.  Ward's challenge was based on a change made to the rules of evidence after he committed his crime.  (*People v. Ward*, *supra*, 50 Cal.2d at p. 709, overruled on other grounds in *People v. Morse* (1964) 60 Cal.2d 631, 640-641.)  The *Ward* court found the most applicable case was *Thompson v. Missouri* (1898) 171 U.S. 380.  There, the defendant was convicted of murder based on a handwriting comparison of letters defendant wrote to his wife and a threatening letter sent to the victim.  The high court reversed the defendant's conviction finding defendant's letters to his wife were not admissible.  Prior to the defendant's second trial, the Legislature amended a statute, permitting the letters to be introduced into evidence.  Thompson was again convicted.  On appeal, he contended the legislative enactment permitting the letters to his wife to be admitted into evidence violated ex post facto principles.  (*People v. Ward*, *supra*, 50 Cal.2d at p. 709.)  The high court rejected Thompson's claim:  "'Applying the principles announced in former cases . . . we adjudge that the statute of Missouri relating to the comparison of writings is not *ex post facto* when applied to prosecutions for crimes committed prior to its passage.  If persons excluded, upon grounds of public policy, at the time of the commission of an offense, from testifying as witnesses for or against the

6

accused, may, in virtue of a statute, become competent to testify [citation], we cannot perceive any ground upon which to hold a statute to be *ex post facto* which does nothing more than admit evidence of a particular kind in a criminal case upon an issue of fact which was not admissible under the rules of evidence as enforced by judicial decisions at the time the offense was committed.'" (*Id*. at pp. 709-710, quoting *Thompson v. Missouri*, *supra*, 171 U.S. at pp. 386-387.)

Thirty-nine years after the *Snipe* decision, another panel of this court decided *Strong v. Superior Court*, *supra*, 198 Cal.App.4th 1076. Strong shot the victim on November 6, 1980, paralyzing the victim from the waist down. (*Id*. at p. 1080.) At the time of the shooting, former section 194 required a death to occur within three years and a day of the criminal act. (*Id*. at p. 1079.) The victim did not die until February 2010, 29 years later. The coroner found the victim's death to have been a homicide. The cause of death was "delayed complications" from the shooting. (*Id*. at p. 1080.)

The amendment to section 194 at issue in *Strong* is the same amendment with which we are faced. Unlike the present case, where section 194 was amended prior to the expiration of the three years and a day time term previously provided, the amendment was made approximately 17 years after the shooting in *Strong*. In other words, the three years and a day period provided in the version of section 194 in effect at the time of the shooting in *Strong* had expired prior to the amendment in 1997. Thus, unlike the defendant in *Snipe*, Strong had a *vested* defense to any charge of murder prior to the 1997 amendment of section 194. (See *People v. Snipe*, *supra*, 25 Cal.App.3d at p. 747.)

The effect then of the 1997 amendment to section 194, authorizing a murder prosecution for a death that occurred more than three years and a day after Strong's criminal act, was to retroactively deny Strong a vested, complete defense to a charge of murder. Under the version of section 194 in effect at the time Strong shot the

victim, Strong was free in November 1983 from the possibility of being prosecuted for murder based on the shooting of his victim more than three years and a day earlier.

The *Stong* court analogized the facts in Strong's case to those presented in *Stogner v. California* (2003) 539 U.S. 607. (*Strong v. Superior Court*, *supra*, 198 Cal.App.4th at p. 1079.) In *Stogner*, our legislature amended a statute of limitation for certain sex offenses. The amendment was made with the express intention that the statute would revive prosecutions already barred by the previous applicable statute of limitation. (*Stogner v. California*, *supra*, 539 U.S. at p. 609.) In Stogner's case, criminal liability for his acts expired 22 years before his prosecution under the amendment. (*Id*. at p. 610.) The high court concluded the enactment violated the ex post facto clause when the amendment was applied to prosecutions that were barred prior to the amendment. (*Ibid.*) The court quoted Learned Hand who had written that extending an expired limitation period after assuring "'a man that he has become safe from its pursuit . . . seems to most of us unfair and dishonest.'" (*Id*. at p. 611, quoting *Falter v. United States* (1928) 23 F.2d 420, 426.)

The *Stogner* court found amendment of California's statute of limitation after the previous term had expired — prohibiting prosecution — qualified as an improper ex post facto application under the second category of abusive ex post facto laws enacted by England prior to our independence and as set forth by Justice Chase in *Calder v. Bull*, *supra*, 3 U.S. 386, 389: "'[A]t other times [Parliament] inflicted punishments where the party was not, by law, liable to any punishment.'" (*Stogner v. California*, *supra*, 539 U.S. at p. 612.) "After (but not before) the original statute of limitations had expired, a party such as Stogner was not 'liable to any punishment.' California's new statute therefore 'aggravated' Stogner's alleged crime, or made it 'greater than it was, when committed,' in the sense that, and to the extent that, it 'inflicted punishment' for past criminal conduct that (when the new law was enacted) did not trigger any such liability. [Citation.]" (*Id*. at p. 613.)

8

The *Strong* court reached the same conclusion. Prior to the amendment of former section 194, a death had to occur within three years and a day of the criminal act to qualify as murder. Under that version, Strong's potential criminal liability for the murder of the alleged victim expired in November 1983 and he was no longer subject to prosecution approximately 15 years *before* former section 194 was amended, deleting the three years and a day requirement and replacing the bar with a rebuttable presumption. (*Strong v. Superior Court*, *supra*, 198 Cal.App.4th at p. 1080.) The *Strong* court recognized that while section 194 is not designated a statute of limitation, labels are not controlling, and the effect of section 194 "unmistakenly established a time bar for homicide charges." (*Id*. at p. 1082.) The court concluded the 1997 amendment could not be applied retroactively to Strong: "Having established a time bar, the Legislature was entitled to change it with the proviso that ex post facto principles would preclude prosecutions for which the limitations period had expired." (*Ibid.*)

Defendant does not find himself in the same boat as Stogner and Strong. He was never free from the possibility of being tried for murder based on the time limit previously set forth in former section 194. Although the version of section 194 in effect at the time he shot Sittler required a death within three years and a day before the death could be considered to have resulted from murder or manslaughter (Stats. 1969, ch. 593, § 1, p. 1225), the Legislature amended section 194 prior to the expiration of three years and a day from September 29, 1994, the day defendant shot Sittler. (Stats. 1996, 580, § 1, p. 2653.) Therefore, the amendment of section 194 does not qualify as an ex post facto law under *Stogner*, *Snipe*, or *Strong*.

This does not end our inquiry. Defendant also contends the amendment violated the fourth prohibition set forth in *Calder v. Bull*, *supra*, 3 U.S. 386: "Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." (*Id*. at p. 390.)

9

The amendment to section 194 does not qualify as an ex post facto application under *Calder*'s fourth prohibition. The amendment did not alter to rules of evidence to permit less or different testimony that required at the time the criminal act was committed. In order to obtain a conviction for murder at the time defendant shot Sittler, the prosecution needed to prove the defendant's act was the proximate cause of the victim's death. (*People v. Roberts* (1992) 2 Cal.4th 271, 294.) The amendment does not change that rule. The prosecutor is still required to prove beyond a reasonable doubt the criminal act proximately caused the death. In fact, the amendment creates a rebuttable presumption the killing was not criminal when the death occurs more than three years and a day after the criminal act. "If death occurs beyond the time of three years and a day, there shall be a rebuttable presumption that the killing was not criminal. The prosecution shall bear the burden of overcoming this presumption." (§ 194.)

The real effect of the amendment is that it eliminated the requirement of a death within three years and a day of the criminal act. But as we have already seen, when former section 194 was amended to remove the one year and a day requirement, replacing it with a three years and a day requirement, the amendment did not violate the ex post facto clause when the previously provided for term had not expired prior to the amendment. In other words, the amendment did not deny defendant a vested defense. (*People v. Snipe*, *supra*, 25 Cal.App.3d at p. 747.)

As the *Snipe* court observed, "[T]he distinction between a procedural change which transgresses the Constitution if given a retroactive application and one which does not is a matter of degree, and each case must be decided on its own facts." (*People v. Snipe*, *supra*, 25 Cal.App.3d at p. 747.) Given the fact the Legislature can extend the period of time for a death to occur and still have the death support a murder or manslaughter conviction without violating the ex post facto clause — so long as the prior time period had not expired prior to the amendment (*ibid*.) — it would seem the Legislature may also completely remove the time restriction, leaving it to the prosecution

10

to prove the death was proximately caused by the criminal act. If such an act would not operate in an ex post facto fashion, we do not think what the Legislature did here violated the Constitution. The Legislature removed the three year and a day restriction, but gave defendant substantial protection by replacing the restriction with a rebuttable presumption that the death was not the result of the defendant's criminal act when the death occurred more than three years and a day later. We find the degree of the change made by section 194 does not violate ex post facto concerns when the amendment is applied in those situations where the term previously provided in former section 194 did not expire prior to the amendment, i.e., the defendant's right to immunity under the previous statute had not yet vested. Because the three year and a day term provided in former section 194 at the time defendant shot Sittler did not expire prior to the 1997 amendment to that section, the retroactive application of the amendment to defendant does not violate the ex post facto clause of either Constitution.[2]

B. *Enhancements*

Defendant argues the trial court violated section 1170.1, subdivision (f) and *People v. Rodriguez* (2009) 47 Cal.4th 501, when it imposed a four-year enhancement for defendant's personal use of a firearm (§ 12022.5, subd. (a)) in the commission of the murder and a concurrent two-year term on the gang enhancement (§ 186.22, subd. (b)(1)). He contends both enhancements are based on his use of a firearm and therefore he may only be sentenced on one of the two enhancements. The argument lacks merit.

---

[2] Because we find applying section 194 to this case in a retroactive manner does not violate the Constitution, we need not address defendant's contention that the trial court erred in instructing the jury in terms of the version of section 194 in effect at the time of trial and not in terms of the previous version.

11

Section 1170.1, subdivision (f)[3] prohibits a defendant from being sentenced on two or more enhancements "for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense" and provides the defendant may only be sentenced on the greatest of the enhancements. The main flaw in defendant's argument is that while he did receive a sentence enhancement for personally using a firearm in commission of the murder (§ 12022.5, subd. (a)), the concurrent term imposed on the gang enhancement was not based on defendant having been armed with or having used a deadly weapon or firearm. At the time of defendant's offense, section 186.22, subdivision (b)(1) provided a one, two, or three year enhancement for "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." (Stats. 1993, ch. 601, § 1, p. 3160.) The gang statute under which defendant was sentenced did not require the defendant to have been armed with a deadly weapon or to have used a firearm. Thus, section 1170.1, subdivision (f) does not preclude imposition of both enhancements.

Defendant's reliance on *People v. Rodriguez*, *supra*, 47 Cal.4th 501 is misplaced. In *Rodriguez*, the defendant was convicted of three counts of assault with a firearm (§ 245, subd. (a)(2)). The court imposed consecutive terms under section 12022.5, subdivision (a) for defendant's personal use of a firearm and under the gang enhancement. The Supreme Court agreed section 1170.1, subdivision (f) prohibited imposition of both terms. (*Id*. at p. 504.) However, Rodriguez was sentenced under a different subdivision of section 186.22 than defendant. Rodriguez was sentenced under a

---

[3] "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury." (§ 1170.1, subd. (f).)

subdivision that called for a 10-year enhancement when the underlying offense is a violent felony as defined in section 667.5, subdivision (c). (§ 186.22, subd. (b)(1)(C).) Rodriguez's conviction for assault with a firearm qualified for the 10-year gang enhancement because assault with a firearm is a violent felony. It qualifies as a violent felony because Rodriguez used a firearm in committing the offense. Thus, in that case imposition of enhancements for personal use of a firearm *and* the 10-year gang enhancement, which only applied because Rodriguez was armed with or used a weapon, violated section 1170.1, subdivision (f). (*People v. Rodriguez*, *supra*, 47 Cal.4th at p. 505.)

That is not the situation here. The two-year term imposed under section 186.22, subdivision (b)(1) had nothing to with whether defendant was armed with a deadly weapon or used a firearm. Therefore, section 1170.1, subdivision (f) was neither implicated or violated by imposition of enhancements under section 12022.5, subdivision (b) and section 186.22, subdivision (b)(1). Accordingly, we find the trial court did not err in imposing both enhancements.

C. *Fees Imposed*

At sentencing, the court imposed three $40 court security fees, stating, "Under . . . section 1465.8, the court imposes a court security fee in the amount of $40 per convicted count. There were three counts, even though I stayed sentence on one, so therefore three times 40 is 120." The Attorney General concedes the error.

Section 1465.8 provides for a $40 assessment for "every conviction for a criminal offense." (§ 1465.8, subd. (a)(1).) Contrary to the trial court's statement, defendant was not convicted of three criminal offenses. He was convicted of only one, murder. The conviction applies to convictions, but not to enhancements. (*People v. Roa* (2009) 171 Cal.App.4th 1175, 1176-1177 [jury convicted defendant of two felonies *and* found he personally used a firearm], 1181 [because defendant was convicted of two

13

felonies the court should have imposed two section 1465.8 fees].)  We therefore will order the abstract of judgment corrected to reflect the imposition of one $40 assessment under section 1465.8.

Similarly, the court imposed three $30 Government Code section 70373, subdivision (a)(1) fees.  Like section 1465.8, Government Code section 70373 requires imposition of a fee "on every conviction for a criminal offense."  (§ 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1).)  The Attorney General concedes this error as well and we order the abstract of judgment corrected to reflect the imposition of one $30 fee under Government Code section 70373, subdivision (c)(1).


D.  *The Attempted Murder Conviction*

Defendant was convicted in 1996, Orange County Superior Court case No. 94CF2707, of the attempted murder of Sittler and in 2011 he was convicted in the present case of Sittler's first degree murder, based on the same act.  Attempted murder is a lesser included offense of first degree murder.  (§ 663.)  Defendant asserts the trial court erred in failing to strike or dismiss the conviction for attempted murder, or in failing to stay his prison sentence for the attempted murder once he stood convicted of the completed crime of murder.  The Attorney General argues the judgment should be modified to reflect the sentence for the attempted murder is stayed pending successful completion of the sentence imposed on the murder conviction.  This does not, however, remedy the existence of the impermissible dual convictions.

"When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense *must be reversed*.  [Citations.]"  (*People v. Sanders* (2012) 55 Cal.4th 731, 736, italics added.)  Defendant has been convicted of the attempted murder of Sittler and of Sittler's murder.  The same act underlies both

14

convictions.  Defendant has thus been convicted of the greater and lesser included offense.  He is entitled, therefore, to have his attempted murder conviction vacated.

At oral argument, the parties addressed whether this court has jurisdiction to remedy this situation.  The Attorney General conceded a defendant cannot be convicted of attempted murder and the murder of the same victim based on the same act.  She argued there is no habeas corpus jurisdiction in this matter because defendant received full credit for the time he spent in custody on the attempted murder conviction against his sentence on the murder conviction, and he is no longer in custody on the attempted murder conviction.  However, she acknowledged the remaining time left on the sentence for the attempted murder was never vacated.

In order for an individual to prosecute a petition for a writ of habeas corpus, the individual must be in custody or otherwise restrained of his liberty.  (*In re Stier* (2007) 152 Cal.App.4th 63, 82; § 1473, subd. (a).)  Defendant is imprisoned on the murder conviction and, as the sentence on the attempted murder charge has not been vacated, we conclude he is constructively in custody on case No. 94CF2707.  (*People v. Villa* (2009) 45 Cal.4th 1063, 1069 ["'the decisional law of recent years has expanded the writ's application to persons who are determined to be in constructive custody'"].)  Accordingly, we treat defendant's opening brief as a petition for a writ of habeas corpus to the extent it seeks vacation of his conviction for attempted murder in case No. 94CF2707 (*People v. Stanworth* (1974) 11 Cal.3d 588, 596, fn. 7) and order the superior court to vacate defendant's conviction for attempted murder in that case.

III

DISPOSITION

The clerk of the superior court is directed to correct the abstract of judgment to reflect the imposition of one $40 assessment under section 1465.8, subdivision (a)(1), one $30 fee pursuant to Government Code section 70373, subdivision

15

(a)(1), and to send a certified copy of the abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.

We grant defendant's petition for a writ of habeas corpus.  The superior court is ordered to vacate defendant's conviction for attempted murder in Orange County Superior Court case No. 94CF2707, as he now stands convicted of Sittler's murder in the present case.


MOORE, ACTING P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.


16