Filed 10/3/23  P. v. Cayton CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH RAYA CAYTON,<br><br>    Defendant and Appellant. | G061645<br><br>(Super. Ct. No. 17NF1570)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Heather B. Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted Joseph Raya Cayton of sexual penetration of an incompetent victim (count 1) and sexual battery on an institutionalized victim (count 2).

The trial court sentenced him to six years in state prison on count 1, which provided for the longer potential term, and stayed sentence on count 2 pursuant to Penal Code section 654.[1]  Cayton's sole contention on appeal is that his case must be remanded for resentencing because the court failed to exercise its discretion under the newly amended version of section 654.[2]  We agree remand is appropriate but for a different reason: The court failed to impose sentence on count 2—resulting in an unauthorized absence of sentence that must be corrected.  On remand, the trial court must impose a sentence on count 2 and then decide which count to stay execution of sentence.  In all other respects, the judgment is affirmed.

## FACTS

The victim, an adult woman, was born with Down syndrome and "severely disabled."  She was living at a residential care facility for people with developmental disabilities.  One morning, an employee of the facility found blood smeared in the victim's diaper, near "her private parts."  A sexual-assault exam of the victim revealed the presence of semen in her vulva.  A DNA test of the semen matched a DNA sample taken from Cayton, who had been working at the facility the night before the victim was found with blood in her diaper.

A jury found Cayton guilty of sexual penetration of an incompetent victim (§ 289, subd. (b); count 1) and sexual battery on an institutionalized victim (§ 243.4, subd. (b); count 2).  In July 2022, without objection, the trial court sentenced Cayton on count 1 to the midterm of six years in state prison.  The court explained, "Count 1 was selected as the principal term because it provides for the longest potential term of

---

[1]        All further statutory references are to the Penal Code.

[2]        Under the new amendment, in effect when Cayton was sentenced, trial courts are no longer required to impose sentence on the count that provides for the longest sentence.  (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)  According to Cayton, the trial court mistakenly believed it had to sentence him on count 1 because it provided for the longer potential sentence.

imprisonment." On count 2, the court ruled "the sentence is stayed pursuant to [ ] section 654 because this count is based on the same conduct and Mr. Cayton cannot be punished under more than one provision." Cayton timely appealed.

This court requested, and the parties submitted, supplemental briefs addressing whether the trial court imposed an unauthorized sentence when it stayed sentence on count 2 without imposing a term and whether this court should remand for resentencing for that reason.

DISCUSSION

The parties agree the trial court erred in failing to impose sentence on count 2. Upon conviction "'the court must either sentence the defendant or grant probation in a lawful manner; it has no other discretion.'" (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468.) Where, as here, probation was denied, the court "must *impose sentence* on every count but *stay execution* as necessary to implement section 654." (*Id.* at p. 1472, italics added.) Failure to do so "results in an unauthorized absence of sentence" (*id.* at p. 1473), which we can correct "at any time" (*People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13). To correct this error, we may either remand for a new sentencing hearing or modify the judgment. (*Alford* at p. 1473.)

We will remand the matter to the trial court for resentencing to allow the court to impose sentence on count 2. The court may also revisit the sentence on count 1 (see *People v. Buycks* (2018) 5 Cal.5th 857, 893 [resentencing court may modify every aspect of sentence under "full resentencing" rule]), except that Cayton may not be sentenced to a term greater than his original sentence (*People v. Burns* (1984) 158 Cal.App.3d 1178, 1184). The court must then exercise its discretion to stay execution of sentence on either count 1 or count 2, pursuant to section 654.

Instead of remand, the Attorney General proposes we modify the judgment by imposing the midterm sentence of three years on count 2. (See § 243.4, subd. (b)

[imprisonment of two, three, or four years].)  Out of an abundance of caution, we decline to do so.

## DISPOSITION

The sentence is reversed, and the matter is remanded to the trial court for resentencing with directions to impose a sentence on count 2 and then stay execution of sentence on either count 1 or 2, pursuant to section 654.  Following resentencing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


DELANEY, J.

WE CONCUR:


GOETHALS, ACTING P. J.


MOTOIKE, J.

4