Filed 2/17/15  P. v. Pradd CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065046 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD235673) |
| MARVIN L. PRADD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joseph P. Brannigan, Jeffrey F. Fraser, Robert F. O'Neill, Judges.  Affirmed as modified.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A jury convicted Marvin Pradd[1] of possessing methamphetamine while armed with a loaded, operative firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1), possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1), now Pen. Code, § 29800, subd. (a)(1); count 2), possession of an assault weapon (former Pen. Code, § 12280, subd. (b), now Pen. Code, § 30605, subd. (a); count 3), possession of ammunition by a prohibited person (former Pen. Code, § 12316, subd (b)(1), now Pen. Code, § 30305, subd. (a); count 4), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 5).[2] The court sentenced Pradd to an aggregate term of 11 years in prison, consisting of a term of three years for count 1 plus terms of two years each for counts 2 through 5.[3]

Pradd appeals, contending we must reverse the judgment because the trial court erred by denying his motion to suppress the evidence against him. Alternatively, he contends there was insufficient evidence to support his conviction for count 1. He also contends his sentences for counts 2, 4 and 5 must be stayed under Penal Code section 654. The People concede and we agree his sentence for count 5 must be stayed. We also

---

[1]    Although most of the superior court records identify defendant's last name as Prado, the superior court found defendant's true last name was Pradd.

[2]    Pradd also admitted having two prior strike convictions; however, the court later dismissed the prior strike conviction findings at the People's request.

[3]    The court ordered the sentence in this case to run concurrently with a stipulated sentence for a second degree robbery conviction in case No. SCD239478.

2

conclude his sentence for count 2 must be stayed. We affirm the judgment in all other respects.

## BACKGROUND

San Diego Police Officer Aziz Brou and his partner stopped Pradd's car because the vehicle registration sticker was partially obscured and the registration had expired. During the traffic stop, Brou learned Pradd was a felon and Pradd's front seat passenger, Everett Haynes, was a parolee.

Officer Brou's partner searched Haynes and Brou searched the area of Pradd's car where Hayne's was sitting, including the center console, which was close enough to the passenger seat to serve as an armrest for a passenger. Brou found a white sock containing .38-caliber ammunition in the center console. After Pradd confirmed the bullets belonged to him, Brou arrested him for possession of ammunition by a felon.

Brou asked Pradd whether there were any weapons in the car and Pradd admitted there was a rifle and a handgun in the trunk. Brou searched the trunk and found a black guitar bag containing an assault rifle, a handgun loaded with seven rounds of ammunition, another white sock containing 27 rounds of ammunition, and a substantial amount of loose ammunition. Brou also found a separate white shopping bag containing at least another 100 rounds of ammunition.

After searching the trunk, Brou searched the front driver's seat area. He found a pouch stuffed in the door handle containing methamphetamine and a glass pipe.

3

DISCUSSION

I

*Motion to Suppress*

A

At the preliminary hearing, Pradd moved to suppress all of the evidence obtained from his car. He argued the police officers did not have a search warrant, probable cause, or reasonable suspicion to justify searching his car. Consequently, he argued all of the evidence obtained from his car was the result of a prolonged detention and the fruit of an illegal search.

The court denied the motion, finding the police officers had reasonable suspicion to stop Pradd's car based on a traffic violation. The court also found the officers' search of the car was proper based on Haynes's parolee status and Pradd's arrest.

Pradd renewed the motion to suppress at a pretrial hearing. In addition to the arguments he previously raised, he also argued the search of the center console was arbitrary because the officers had no reason to believe Haynes had hidden contraband in it. The court again denied the motion, finding the search of the console was justified by Haynes's parolee status as he could have hidden items there.

B

"Challenges to the admissibility of evidence obtained by a police search and seizure are reviewed under federal constitutional standards. [Citations.] A warrantless search is unreasonable under the Fourth Amendment unless it is conducted pursuant to one of the few narrowly drawn exceptions to the constitutional requirement of a warrant.

4

[Citations.] California's parole search clause is one of those exceptions." (*People v. Schmitz* (2012) 55 Cal.4th 909, 916 (*Schmitz*); see Pen. Code, § 3067, subd. (b)(3); Cal. Code Regs., tit. 15, §§ 2356, 2511, subd. (b)(4).)

As applied to parolees who are passengers in vehicles, the exception permits an officer to search "those areas of the passenger compartment where the officer reasonably expects that the parolee could have stowed personal belongings or discarded items when aware of police activity." (*Schmitz*, *supra*, 55 Cal.4th at p. 926.) Although the California Supreme Court has not decided whether an officer may search "closed compartments of the car like the glove box, center console, or trunk" solely based on a passenger's parole status (*Schmitz*, *supra*, at p. 926, fn. 16), the Supreme Court has instructed "[t]he reasonableness of such a search must necessarily take into account all the attendant circumstances, including the driver's legitimate expectation of privacy in those closed compartments, the passenger's proximity to them, and whether they were locked or otherwise secured." (*Ibid*.)

Here, the evidence showed Haynes could have stowed items in the center console because it was close enough to him to serve as an armrest for him. In addition, unlike a purse, a center console has not previously been " 'recognized as an inherently private repository for personal items' " (*Schmitz*, *supra*, 55 Cal.4th at p. 931) and Pradd has not persuaded us it is sufficiently analogous to a purse for us to so recognize it in this case. Moreover, there was no evidence Pradd controlled access to the center console or otherwise maintained it a manner that would have precluded Haynes or any other

5

passenger from accessing it.  Accordingly, we conclude Pradd has not established the trial court erred in denying his suppression motions.

II

*Sufficiency of Evidence for Count 1*

Pradd contends there is insufficient evidence to support his conviction for count 1 because having a loaded gun in his trunk does not satisfy the "armed with" requirement for a violation of Health and Safety Code section 11370.1, subdivision (a).  In evaluating this contention, " 'we review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt. [Citation.]  The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence.  [Citation.]  "Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.  [Citation.]  We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence.  [Citation.]"  [Citation.]  A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial

6

evidence to support' " the jury's verdict.' " (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

"[E]very person who unlawfully possesses any amount of . . . a substance containing methamphetamine . . . while armed with a loaded, operable firearm" is guilty of a felony. (Health & Saf. Code, § 11370.1, subd. (a).) " '[A]rmed with' means having available for immediate offensive or defense use." (*Ibid*.)

"This definition is consistent with the well-established construction of 'armed' given to firearm enhancements . . . [citation]. [Citations.] In order to be 'armed' within the meaning of these statutes, a defendant need not physically carry the firearm on his or her person." (*People v. Superior Court* (*Martinez*) (2014) 225 Cal.App.4th 979, 989-990.) Rather, if the firearm was found in close proximity to drugs in a place frequented by the defendant, a jury may reasonably infer from these facts " '(1) that the defendant knew of the firearm's presence, (2) that its presence together with the drugs was not accidental or coincidental, and (3) that, at some point during the period of illegal drug possession, the defendant was present with both the drugs and the firearm and thus that the firearm was available for the defendant to put to immediate use to aid in the drug possession.' " (*People v. Pitto* (2008) 43 Cal.4th 228, 238, citing *People v. Bland* (1995) 10 Cal.4th 991, 1002-1003.) If not refuted, these inferences are sufficient to support a determination the defendant was " 'armed with' " a firearm. (*People v. Pitto*, *supra*, at p. 238; *People v. Bland*, *supra*, at p. 1003.)

Here, the record shows a police officer found firearms in the trunk of Pradd's vehicle and drugs in the front driver's side door handle. The proximity of these items

7

permitted inferences supporting a determination he was "armed with" a firearm within the meaning of Health and Safety Code section 11370.1, subdivision (a). As Pradd never refuted these inferences, he has not established there was insufficient evidence to support his conviction for violating Health and Safety Code section 11370.1, subdivision (a).

III

*Sentences for Counts 2, 4 and 5*

Pradd contends the court should have stayed the sentences for counts 2, 4 and 5 under Penal Code section 654. Penal Code section 654, subdivision (a), provides in part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." As recently clarified by the California Supreme Court, this section "prohibits multiple punishment for a single physical act that violates different provisions of law." (*People v. Jones* (2012) 54 Cal.4th 350, 358; *People v. Sanders* (2012) 55 Cal.4th 731, 743-744.)

In this case, Pradd's convictions for counts 1 and 2 were based on the same physical act of firearm possession. Likewise, his convictions for counts 1 and 5 were based on the same physical act of methamphetamine possession. The sentences for his convictions for counts 2 and 5 must, therefore, be stayed. (*People v. Sanders*, *supra*, 55 Cal.4th at p. 743.)

However, Pradd's conviction for count 4 was based on his separate, albeit simultaneous, possession of ammunition. Penal Code section 654 does not prohibit

8

punishment for the separate, simultaneous possession of different items of contraband when the possession of one item is not essential to the possession of the other item. (*People v. Jones*, *supra*, 54 Cal.4th at p. 358.)

*People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*), upon which Pradd relies, is inapposite. In *Lopez*, the defendant was convicted and sentenced for unlawful possession of a firearm and unlawful possession of ammunition based upon a pat down search which revealed a loaded gun in the defendant's pocket. (*Id.* at pp. 135, 137.) The appellate court ordered the sentence stayed for the unlawful ammunition possession conviction, reasoning: "While there may be instances when multiple punishment is lawful for possession of a firearm and ammunition, the instant case is not one of them. *Where, as here, all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and* [*Penal Code*] *section 654 precludes multiple punishment*." (*Id.* at p. 138, italics added.)

Unlike the defendant in the *Lopez* case, Pradd possessed a large cache of ammunition apart from the ammunition loaded into the handgun. The possession of the additional ammunition was not essential to the possession of the handgun. Thus, Penal Code section 654 does not preclude punishment for possession of the additional ammunition. (*People v. Jones*, *supra*, 54 Cal.4th at p. 358.)

### DISPOSITION

The trial court is directed to modify the abstract of judgment to stay the sentences for counts 2 and 5 under Penal Code section 654. The court is further directed to send a

certified copy of the modified abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

MCCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

IRION, J.