Filed 6/6/16  P. v. Huerta CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064835 |
| v. | (Super.Ct.No. FCH07061) |
| ALEJANDRO HUERTA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Linda M. Wilde and Michael A. Smith,* Judges.  Affirmed as modified.

Suzanne G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant.

---

\* Retired judge of the San Bernardino Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Alejandro Huerta was charged by information with attempting to remove a firearm from a police officer (Pen. Code,[1] §§ 664, 148, subd. (c), count 1), resisting an executive officer by force or violence (§ 69, count 2), being a felon in possession of a firearm (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1), count 3), and being a felon carrying a loaded firearm (former § 12031, subd. (a)(1), now § 25850, count 4). It was further alleged that defendant had five prior strike convictions. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

A jury was unable to reach a verdict on count 1 and a mistrial was declared on that count. In count 2, the jury found defendant guilty of the lesser included offense of resisting an officer in the performance of his duties, a misdemeanor. (§ 148, subd. (a).) In counts 3 and 4, the jury found defendant guilty as charged. The court found the five prior strike allegations true, and denied defendant's motion to reduce his felony offenses to misdemeanors for sentencing purposes and strike the prior strikes in the interest of justice. The court sentenced defendant to 25 years to life, consisting of 25 years to life on count 3 and a concurrent term of 25 years to life on count 4. He was sentenced to 365 days in local custody for his conviction in count 2. Defendant filed a petition to recall his

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

sentence under section 1170.126 (Proposition 36). The court denied the petition on the basis that defendant was statutorily ineligible, since he was armed with a firearm during the commission of the offense. (§ 1170.12, subd. (c)(2)(C)(iii).)

On appeal, defendant contends that his sentence on count 4 should be stayed pursuant to section 654. The People concede, and we agree. In all other respects, the judgment is affirmed.

<u>FACTUAL BACKGROUND</u>[2]

Two police officers stopped defendant for a traffic violation. One of the officer's approached defendant's car and asked him for his driver's license. Defendant appeared unusually nervous, so the officer asked him to keep his hands on the steering wheel. Defendant initially complied, but then kept reaching toward his lap area. Defendant eventually exited the car, at the officer's request. Then he resisted both officers and tried to grab one of the officer's guns. Defendant was unsuccessful, but kept resisting the officers. One officer noticed defendant focusing on something near his car. The officer looked in that direction and saw a gun on the ground. It was a .32-caliber pistol that was loaded and "cocked" with a round in the chamber. The officer shouted that defendant had a gun and struck him in the forehead with his handheld radio.

---

[2] On March 7, 2016, this court granted defendant's request to take judicial notice of our opinion in *People v. Huerta* (Feb. 18, 2009, E042901 [nonpub. opn.].) The factual background is taken from that opinion.

3

ANALYSIS

Defendant's Sentence on Count 4 Should Be Stayed Pursuant to Section 654

Defendant argues that his concurrent sentence on count 4 for being a felon carrying a loaded firearm (former § 12031, subd. (a)(1)) should be stayed pursuant to section 654. The People correctly concede.

At the outset, we note that defendant's appeal is from the denial of his Proposition 36 petition. However, his only claim is that his sentence on count 4 should have been stayed. While the section 654 issue could have been raised in defendant's original appeal, "it is well established that the appellate court can correct a legal error resulting in an unauthorized sentence (including a misapplication of § 654) at any time." (*People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13.)

In *People v. Jones* (2012) 54 Cal.4th 350 (*Jones*), the defendant was a convicted felon. The police searched his car and found a loaded .38-caliber revolver. (*Id*. at p. 352.) A jury convicted him of three crimes: possession of a firearm by a felon (former § 12021, subd. (a)(1), count 1), carrying a readily accessible concealed and unregistered firearm (former § 12025, subd. (b)(6), count 2), and carrying an unregistered loaded firearm in public (former § 12031, subd. (a)(2)(F), count 3). (*Ibid*.) The superior court sentenced him to state prison for the upper term of three years on each count, to be served concurrently, plus a one-year enhancement for a prior prison term. (*Ibid*.) The California Supreme Court held that the trial court erred, noting that, when arrested, the defendant "was carrying, and thus possessing, a single firearm, which seem[ed] to be a single

4

physical act." (*Id*. at p. 353.)  That act was "made punishable by three different provisions of law, . . .  Thus, by its terms, section 654 seem[ed] to preclude punishment for more than one of those provisions."  (*Ibid*.)  The Court then held that "a single possession or carrying of a single firearm on a single occasion may be punished only once under section 654."  (*Id*. at p. 357.)

In the instant case, defendant was convicted of two firearm offenses for "a single possession or carrying of a single firearm on a single occasion."  (*Jones*, *supra*, 54 Cal.4th at p. 357.)  Therefore, defendant's sentence on count 4 (being a felon carrying a loaded firearm) should be stayed pursuant to section 654.  (*Ibid*.)

DISPOSITION

The judgment is modified to stay the term imposed on count 4 pursuant to section 654.  In all other respects, the judgment is affirmed.  The superior court is directed to amend the abstract of judgment and its minute order to reflect this modification and to forward a certified copy of the amended abstract of judgment to the Director of the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.


SLOUGH
J.

6