Filed 8/27/20  P. v. Wade CA2/1
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B305363 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA053458) |
| v. | |
| MURCHANT JERALD WADE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Martin L. Herscovitz, Judge. Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal; and Murchant Jerald Wade, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2008, a jury convicted Murchant Jerald Wade of three counts of assault with a semiautomatic firearm (Pen. Code,[1] §§ 245, subd. (b)), discharging a firearm in a grossly negligent manner (§ 246.3), being a felon in possession of a firearm (former § 12021, subd. (a)(1)),[2] and receiving stolen property (§ 496, subd. (b)). The jury also found true certain enhancement allegations. (§§ 12022.5, subd. (a), 667, subd. (a).) The court sentenced Wade to 22 years 4 months in prison. The court also imposed a $120 court security assessment (§ 1465.8, subd. (a)(1)), and a $4,200 restitution fine (§ 1202.4, subd. (b)), and imposed and stayed a $4,200 parole restitution fine (§ 1202.45). The court further ordered Wade to pay $1,800 in victim restitution. (§ 1202.4, subd. (f).)

We affirmed the judgment in September 2009. (*People v. Wade* (Sept. 24, 2009, B208144) [nonpub. opn.].)

On January 22, 2020, Wade filed a motion in the superior court challenging the fines and assessments based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157. In particular, Wade requested that the court vacate, set aside, or stay the assessments and fines unless and until the People prove that he has the ability to pay them.

On January 24, 2019, the trial court denied the motion. Wade filed a timely notice of appeal.

We appointed appellate counsel for Wade, who filed a brief setting forth the pertinent procedural history and a summary of relevant facts, and raising no issues on appeal. Counsel requests

---

[1] Subsequent statutory references are to the Penal Code.

[2] Former section 12021, subdivision (a)(1) was repealed in 2010 and reenacted without substantive change as section 29800, subdivision (a)(1). (*People v. Sanders* (2012) 55 Cal.4th 731, 734, fn. 2.)

that we independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel also notified Wade that he would be filing a brief, that Wade was entitled to file a supplemental brief with this court, and that counsel remained available to brief any issues upon our request.  This court also notified Wade that he may file a supplemental brief.

On August 3, 2020, Wade filed a supplemental brief in which he asserts:  (1) The court violated his right to due process under the our state and federal constitutions by summarily denying his petition "because the petition shows that [he] does not have the ability to pay"; (2) His constitutional right to equal protection of the law requires that the decisions in *Dueñas* and *People v. Cowan* (2020) 47 Cal.App.5th 32 (*Cowan*), review granted June 17, 2020, S261952,[3] be applied retroactively to all cases; and (3) The fines violated his rights against the imposition of excessive fines under the federal and state constitutions.

Because Wade's appeal is from an order denying post-conviction relief, he is not entitled to our independent review of the record pursuant to *Wende*.  (See *People v. Cole* (2020) __ Cal.App.5th __ [2020 WL 4435275] (*Cole*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)[4]  Wade is, however, entitled to

---

[3] In *Cowan*, the Court of Appeal held that certain assessments and fines may be subject to the state and federal constitutional proscriptions against excessive fines (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17), and that "a sentencing court may not impose [such] . . . fines without giving the defendant, on request, an opportunity to present evidence and argument why such monetary exactions exceed his ability to pay." (*Cowan*, *supra*, 47 Cal.App.5th at p. 48.)

[4] Under *Cole*, in a criminal appeal from a post-conviction order to which *Wende* does not apply, counsel who finds no arguable

3

file a supplemental brief, which he has done, and to our evaluation of the arguments presented in that brief. (See *Cole, supra,* __ Cal.App.5th __ [2020 WL 4435275 at p. *8]; cf. *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 6; *id.* at pp. 554–555 (dis. opn. of George, C. J.).)

Our state Supreme Court is currently considering whether trial courts must determine a criminal defendant's ability to pay fines and assessments before imposing them. (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted on specified issues Nov. 13, 2019, S257844.) Even if ability-to-pay hearings are required in pending cases or in cases not yet final, that right does not extend to inmates whose judgment became final before *Dueñas* was decided. (See *People v. Garcia* (1984) 36 Cal.3d 539, 549 ["new rule" that "define[s] procedural rights collateral to a fair determination of guilt or innocence . . . generally does not receive retroactive effect"]; *Whorton v. Bockting* (2007) 549 U.S. 406, 416 [new rule of criminal procedure "applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a ' "watershed rul[e] of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding' "].)

The Legislature has enacted post-conviction procedures for resentencing a defendant after a judgment has become final under

---

issues is required to "file a brief with the Court of Appeal setting forth (1) a brief statement of the pertinent procedural history of the case, (2) a brief summary of the pertinent facts, (3) counsel's declaration that there are no reasonably arguable issues to present on appeal, and (4) counsel's affirmation that he or she remains ready to brief any issues at the request of the Court of Appeal." (*Cole*, *supra*, __ Cal.App.5th __ [2020 WL 4435275 at p. *7].) Regardless of whether *Wende* or *Cole* applies in this case, we are satisfied that Wade's counsel has fully complied with his responsibilities.

particular circumstances.  (See, e.g., §§ 1170, subds. (d)(1) & (e), 1170.126, 1170.18, 1170.95.)  These procedures, however, are statutory exceptions to the general rule that trial courts do not have "jurisdiction to resentence a criminal defendant once execution of the sentence has commenced."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344; see *People v. Torres* (2020) 44 Cal.App.5th 1081, 1088.)  The Legislature has not enacted any exception to this rule to permit resentencing—or, more specifically, redetermination of that part of the sentence imposing fines and assessments—based on the defendant's ability to pay the fines and assessments.  (*People v. Torres, supra,* at pp. 1084–1085.)  Consequently, trial courts do not have jurisdiction to grant a motion, filed after execution of the defendant's sentence has begun, challenging the court's failure to hold such a hearing; the court's order denying such a motion is therefore nonappealable, and an appeal from that order must be dismissed.  (*People v. Torres, supra,* at p. 1088; cf. *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726.)

Because execution of Wade's sentence had commenced before *Dueñas* was decided, the trial court's order denying his motion was nonappealable.  For the reasons set forth above, we therefore dismiss his appeal.

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


                                      ROTHSCHILD, P. J.

We concur:


CHANEY, J.


SINANIAN, J.*

---

**\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6