Filed 1/31/23 P. v. Allen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095985 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CF00288) |
| v. | |
| EDWARD SILLEMON ALLEN, | |
| Defendant and Appellant. | |

Defendant Edward Sillemon Allen appeals from his burglary conviction and argues the trial court erroneously imposed the upper term. Defendant further contends the trial court erred in imposing a three-year parole term. We will modify the judgment to correct an erroneous fine and affirm as modified.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 2019, the victim reported to police that his apartment had been burglarized and he was missing several items, including headphones, a speaker, a machete,

1

ammunition, two ammunition magazines, and a cell phone. Police found defendant's DNA at the scene.

Defendant was charged with first degree burglary. (Pen. Code, § 459.)[1] It was further alleged he had a prior strike. (§§ 667, subd. (d), 1170.12, subd. (b).)

In February 2022, defendant pleaded no contest to the burglary charge. The strike allegation and a separate misdemeanor case not at issue in this appeal were dismissed with a *Harvey* waiver.[2] During the plea, defendant stipulated to the factual basis from the probation report. Defendant further agreed that there "could be aggravating factors in this case."

In March 2022, the trial court denied defendant's request for probation and sentenced him to state prison for the upper term of six years. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), and a $39 theft fine (§ 1202.5). The court further noted that, "[p]ursuant to [section 3000, subdivision (b)] of the penal code, [defendant] will be on parole for three years following his release." Neither the minute order nor the abstract of judgment lists a three-year parole term.

During the plea hearing, defense counsel noted defendant had not stipulated to any aggravating factors in the case, although he acknowledged "the court's ability to look at [defendant's criminal] record." The prosecutor argued the upper term was appropriate because defendant had an extensive criminal history with 10 prior felony convictions. In imposing the upper term, the court noted defendant did not stipulate to the existence of aggravating factors, nor did a jury find any aggravating factors to be true beyond a reasonable doubt. Still, the court explained, the upper term was warranted because

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

defendant had numerous prior convictions, had served prior prison terms, and was on supervised release at the time of the instant offense. The court reasoned that section 1170, subdivision (b) permitted it to consider prior convictions based on a certified record of conviction. The court explained it had a certified record of conviction before it "in the probation report." The probation report included a "criminal record summary" prepared by the probation officer. Defendant did not object to the court's statements or its reliance on the criminal record summary in the probation report.

Defendant did not seek a certificate of probable cause on appeal.

## DISCUSSION

## I

### 1. Legal background

Prior to January 1, 2022, section 1170, subdivision (b) stated: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (Stats. 2020, ch. 29, § 14.) However, the Legislature amended section 1170 via Senate Bill No. 567 (2021-2022 Reg. Sess.) to now require a trial court, in its sound discretion, to impose the lower or middle term, unless there are "circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) "[T]he court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

### 2. Analysis

Citing *People v. Zabelle* (2022) 80 Cal.App.5th 1098 (*Zabelle*), defendant argues that remand for resentencing is required because a probation report does not meet the statutory requirements of a certified record of conviction under section 1170, subdivision

3

(b)(3), and there was no stipulation or a jury finding that any aggravating factors were true beyond a reasonable doubt. The People acknowledge that the probation officer's list of defendant's prior convictions in the probation report likely does not qualify as a certified record of conviction as required under section 1170, subdivision (b)(3). Still, the People note, defendant did not object during the sentencing hearing that this list was insufficient to establish his prior convictions. As such, the People argue defendant has forfeited any challenge on appeal to the trial court's use of his prior convictions in imposing the upper term. We agree with the People.

In *Zabelle*, the defendant was sentenced prior to the 2022 amendments to section 1170 to an aggregate term of eight years in prison, including the upper term of five years for his second degree robbery conviction. (*Zabelle, supra*, 80 Cal.App.5th at pp. 1105, 1108; § 211.) Applying the changes to section 1170 retroactively to the defendant, this court remanded the matter for resentencing because the trial court relied on facts that were not found true in the manner now prescribed by section 1170, and the error was not harmless under state law. (*Zabelle*, at p. 1109.) Specifically, the trial court found eight factors in aggravation. (*Id.* at p. 1114.) The defendant had never stipulated to any of these factors, a jury had never found them true beyond a reasonable doubt, and the trial court had relied on the probation report for its findings regarding the defendant's criminal history, rather than a certified record of conviction. (*Ibid.*) Still, at least four of the trial court's listed factors in aggravation appeared to be indisputable, making any federal law error harmless under *Chapman v. California* (1967) 386 U.S. 18, 23-24. However, any state law error was not harmless pursuant to *People v. Watson* (1956) 46 Cal.2d 818, 836 because it was impossible to determine whether the trial court would have issued the same sentence had it been left with only the four indisputable aggravating circumstances. (*Zabelle*, at pp. 1114-1115.)

Unlike *Zabelle*, here defendant was sentenced *after* the amendments to section 1170 came into effect. Defense counsel, the prosecutor, and the trial court were aware of

4

these amendments during the sentencing hearing, as indicated by the trial court's comment that section 1170, subdivision (b)(3) allowed it to "consider [defendant's] prior convictions in determining sentencing based on the certified record of conviction." Defense counsel even acknowledged that the trial court could consider defendant's criminal history in sentencing. In failing to object in the trial court to the adequacy of the evidence of defendant's criminal history, defendant has forfeited the issue on appeal. (See *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" '[c]laims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court' " (italics omitted)].)

## II

Defendant argues the trial court erred in imposing a three-year term of parole pursuant to section 3000, subdivision (b). According to defendant, his parole term should only be two years pursuant to section 3000.01. Citing *People v. Tan* (2021) 68 Cal.App.5th 1, defendant asks us to modify the unauthorized parole term. The People respond that the trial court had no authority to set the parole term and ask us to interpret the trial court's statement as a passing informational comment rather than an order or part of the sentence. We conclude the People have the better argument.

As courts have explained, "Parole is a statutorily mandated element of punishment, and neither the prosecution nor the sentencing court has authority to impose a prison sentence without parole or to alter the applicable period of parole established by the Legislature and imposed by the Board of Prison Terms." (*People v. Renfro* (2004) 125 Cal.App.4th 223, 232.) Pursuant to section 3000.01, any inmate sentenced to a determinate term and released from state prison on or after July 1, 2020 "shall be released on parole for a period of two years." (§ 3000.01, subd. (b)(1), added by Stats. 2020, ch. 29, § 18.)

5

In *Tan*, the defendant was convicted of multiple charges in 1998, including first degree murder, and was sentenced to an aggregate indeterminate term of 56 years to life. In 2019, the trial court granted the defendant's former section 1170.95 petition and resentenced the defendant to an aggregate term of 16 years and ordered him released on time served. The court also placed the defendant on parole supervision for three years. (*People v. Tan, supra*, 68 Cal.App.5th at pp. 3-4.) Reasoning that the defendant's maximum parole term was two years under section 3000.01, the appellate court found the three-year term unauthorized and modified the judgment accordingly. (*Tan*, at pp. 5-6.)

Unlike *Tan*, where the trial court released the defendant on time served and then ordered him placed on parole supervision, the trial court here was sentencing defendant to serve a determinate term. Although it mentioned what it (erroneously) thought was a likely parole term, we assume the trial court was aware that it had no authority to set a parole term different than that imposed by section 3000.01. (See *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 ["we apply the general rule 'that a trial court is presumed to have been aware of and followed the applicable law' "].) Given this limited authority, we interpret the court's statement was merely an attempt to inform defendant of the additional consequences of his no contest plea, albeit with incorrect information, rather than imposing a specific and incorrect parole term.

### III

In our review of the record, we noted that the trial court imposed a $39 theft fine pursuant to section 1202.5. Given that the maximum fine under section 1202.5 is $10, we will modify the judgment accordingly. (§ 1202.5, subd. (a); *People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13 [appellate court can correct a legal error resulting in an unauthorized sentence at any time].)

## DISPOSITION

The judgment is modified to reflect a $10 section 1202.5 fine.  The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

_____/s/_____
EARL, J.

We concur:

_____/s/_____
RENNER, Acting P. J.

_____/s/_____
KRAUSE, J.